FULLER *against* The town of HAMPTON :

IN ERROR.

Where the complaint, in a suit by the town for the maintenance of a bastard child, averred, that the mother of the child had, at all times. neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of such child ; it was held, that this was a sufficient averment of the neglect of the mother to bring forward her suit for maintenance ; but if otherwise, the defect was curable by verdict.

Where the plaintiffs, in such suit, prayed, that the defendant might be dealt with according to a certain statute. which had been repealed before the commencement of the suit ; and, on motion for that purpose, they were permitted to amend, by erasing the title of such statute, and inserting, in lieu thereof, the words " in such case made and provided ;" it was held, that this was not assignable for error.

In such suit, one of the select-men, who had signed the complaint, being offered as a witness for the plaintiffs ; it was held, that he was competent, his interest being only that of a member of a public corporation.

In such suit, after the mother had sworn to the facts stated in the complaint, and after the defendant had adduced evidence to impeach her character, the plaintiffs offered a witness to prove, that the defendant called at the house of the mother before the birth of the child, when she charged him with being the father of the child, and called on him for support ; that the defendant replied, that if she would not sue him, but keep the matter a secret, he would give her some money, from time to time, for her support, but not as much at one time, as he paid her for the first bastard child she had, because it would soon be spent, and would not do her as much good ; it was held, that such evidence was admissible to corroborate the testimony of the mother, and was not exceptionable as relating to a negotiation of the defendant to buy his peace.

In such suit, if issue be joined on the defendant's plea of *not guilty*, and the court find that he *is guilty*, it is a sufficient finding of all the facts charged in the complaint.

This was a suit for maintenance of a bastard child, instituted and prosecuted, by the select-men of the town of *Hampton*, against the person accused of begetting such child.

The complaint stated, " That one *Clarissa Neff*, a legal inhabitant of the town of *Hampton*, a single and unmarried woman, was, on the 23rd of *October*, 1819, at said *Hampton*, delivered of a bastard child ; that she is poor and needy, and unable to support said child ; that said child is now living. and likely to become expensive and chargeable to said town ; and that no sufficient security has ever been offered to indemnify said town against all charge and expense, for the support of said bastard child ; and that said town has already actually been compelled to contribute toward the expense of maintaining said bastard child ; that said child was begotten on the body of the said *Clarissa*, by *Jesse Fuller*, on or about the 21st day of *January*, 1819, and that he is the father of said child ; and the said *Clarissa Neff*, the mother of said child, has, at all times, neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of said child."

The complaint, as originally exhibited in the county court, was entitled thus :

" *Select-men of Hampton* } Complaint on the statute concern-
     *v.* { ing bastards and bastardy."
    *Jesse Fuller.*

The conclusion of the complaint was as follows : " And the said town of *Hampton* do, by their select-men, as aforesaid, pray, that process may be issued against said *Fuller*, and he be dealt with according to the statute law of this state, entitled " an act concerning bastards and bastardy." On the third day of the term of the court, at which the complaint was preferred, the plaintiffs moved to amend their complaint, by erasing the words " concerning bastards and bastardy," and inserting, in lieu thereof, the words, " in such case made and provided." To the allowance of this motion the defendant objected ; but the court permitted the amendment to be made.

The defendant pleaded *Not guilty* ; and the court rendered judgment as follows : " This court, having taken the evidence in the cause, and fully heard the parties, in their pleas, evidence and counsel thereon, do find and adjudge, that the defendant is guilty, in manner as the plaintiffs in their declaration have alleged ; and thereupon consider and order, that the defendant give a bond, with sufficient surety, to the town of *Hampton*, in the sum of 300 dollars, conditioned that the defendant shall indemnify said town against all expense for the maintenance of said child, and to pay the costs, &c."

On the trial, the plaintiffs offered *Roger Taintor*, Esq. one of the select-men of *Hampton*, who signed the complaint, as a witness in the cause. The defendant objected to him, as being incompetent ; but the court overruled the objection, and received his testimony.

*Patience Neff* being sworn as a witness, the plaintiffs offered to prove by her, that the defendant called at the house of *Clarissa*, in *September*, before the child was born ; that *Clarissa*, at that time, charged him with being the father of the child, and called on him for support ; that the defendant replied, that if she would not sue him, but keep the matter a secret, he would give her some money, from time to time, for her support, but not as much at one time, as he paid her for the first bastard child she had, because it would soon be spent, and would not do her as much good ; and that the witness, soon after the defendant was gone, saw a five-dollar bill in *Clarissa's* hands, which she said, the defendant let her have towards her support. *Clarissa* being a witness in the cause, and evidence having been offered to impeach her character, the testimony of *Patience* was offered to corroborate that of *Clarissa*. The defendant objected to all the testimony of *Patience* ; but the court

admitted it, except as to what *Clarissa* told her, after the defendant was gone.

The defendant filed a bill of exceptions, and brought a writ of error in the superior court; by whom the judgment of the county court was affirmed. He then moved the superior court to transmit their record to this Court, for revision; which was accordingly done.

*Frost,* for the plaintiff in error, contended, 1. That the complaint was insufficient, inasmuch as it did not explicitly aver, that the mother had neglected to bring forward her suit for maintenance. At common law, the select-men of the town have no right of action against the father of a bastard child. The statute is the sole foundation of the right; and the limits, which that has prescribed, cannot be exceeded. To sustain the action, in any case, there are two indispensible prerequisites : 1st, that sufficient security to indemnify the town, has not been offered; and 2ndly, that the mother has neglected to bring forward her suit for maintenance. In relation to the first matter, there is no exception. In relation to the other, the complaint is essentially defective. It shews only, that the mother has not *prosecuted her suit to final judgment.* For aught that appears, the mother had commenced a suit, which was depending, at the time the plaintiffs instituted this suit. The averment in question forms but one sentence; and it must be taken together, in order to ascertain its meaning. To say, that the mother has neglected and omitted to bring forward her suit, is to say one thing; but to say, that she has neglected to bring forward, *and prosecute to final judgment*, her suit, is to say a very different thing. The clauses, of which the latter assertion is composed, are connected and dependent; and it would violate every rule of construction, to separate these clauses, and then take the meaning of each separately, for the true sense of the whole in connexion. This would fall far short of that certainty, which the law requires in every declaration, and, *a fortiori* in a proceeding created and governed by statute.

2. That the amendment allowed in the county court, could not legally be made. The complaint referred to, and purported to be founded on, a statute not then in existence; (*a*) and the proceeding, being unknown to the common law, was wholly with-

(*a*) The plaintiffs had copied the title of the statute relating to this subject, as it appeared in the edition of 1808. *tit.* 22. *p.* 99. At the revision in 1821, the title was altered.

out foundation. The process, therefore, was absolutely *void ;* and *it* could not be made good, by amendment. *Eno* v. *Frisbie,* 5 *Day,* 122. 126.

3. That the testimony of *Roger Taintor* should have been excluded; he being responsible for the costs in the capacity of select-man, and not interested merely as a member of the corporation. Like a *prochein amy,* he was liable in the first instance ; though he might have a remedy over.

4. That the testimony of *Patience Neff* should have been excluded ; as the object of it was, to prove admissions made by the defendant pending a proposition for a settlement. All the conversation related by *Patience,* except what the court themselves rejected, was within the rule. The fact that the defendant was the father of the child, he did not admit. Whether the charge was true or false, he proposed to her, not to sue him, and to keep the matter secret, and offered to pay her money. *Bul. N. P.* 236. *Slack* v. *Buchannan, Peake's Ca.* 5.

5. That the judgment rendered by the county court, was informal and erroneous, inasmuch as the court adjudged the defendant *guilty,* without finding the facts alleged in the complaint to be true. According to the form in *Bennet* v. *Hall,* 1 *Conn. Rep.* 417. and in *Comstock* v. *Weed,* 2 *Conn. Rep.* 155. which was sanctioned by this Court, the facts alleged are found true, and on this basis, the court proceed to adjudge the defendant guilty. In the cases cited, the judgment was held to be sufficient, because the facts alleged were found to be true ; not because the defendant was adjudged *guilty.*

*Goddard,* for the defendants in error, contended, 1. That the complaint was sufficient. In the first place, no averment of the mother's neglect was necessary. The interest of the town, which appeared, enabled the plaintiffs, under the statute, to institute and prosecute the suit. But, secondly, the averment in question is explicitly made in the complaint. The plaintiffs say, that " the mother of said child has, at all times, neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of said child." Aside from the words, " and prosecute to final judgment," the averment is unquestionably as explicit as language can make it. Indeed, it precisely follows the statute. The question then, is, how does this clause affect the meaning of the sentence ? After the pleader had averred, that the mother had neglected and omitted to bring forward her suit, did he intend to *qualify* this

*Windham,*
July,
1824.

*Fuller*
*v.*
Hampton.

averment—to take it back in part;—or did he intend, from abundant caution, to *add* something to the averment already made ? The latter is manifestly the case. This construction is required, by the structure of our language, as used not only in common parlance, but by our most correct writers. It is an establised rule of *English* syntax, that a part of sentence may be properly omitted, when the nominative case and its whole regimen, may be readily understood. *Mur. Gram.* 220. 8vo ed. As an illustration of this rule, *Murray* gives the following example : " Nature has given to animals one time to act, and another to rest ;" instead of saying, " Nature has given to animals one time to act, and *nature has given to animals* another *time* to rest." In the same manner, the pleader in this case, has used an *eliptical* expression. Instead of saying, that " the mother has, at all times, neglected and omitted to bring forward her suit, and *the mother has, at all times, neglected and omitted* to prosecule her suit to final judgment ;" he avoids the repetion of the nominative and its regimen, by the expressions used. The *elipsis* never changes the meaning of a sentence : it frequently adds to its force, and is no enemy to precision. It is constantly recurring, in conversation and in writing ; almost all compound sentences being more or less eliptical. Thirdly, if an averment of the mother's neglect was necessary, and if the one made in this complaint was of doubtful construction, it will be construed, after verdict, so as to support the judgment. Here, no material fact was totally omitted ; but, upon the ground now assumed, a material fact was stated imperfectly, or with such ambiguity that the pleading would be bad on demurrer. This is precisely the kind of defect, which according to the strictest rules, is cured by verdict. 1 *Day* 186. n.

2. That the amendment was properly allowed. This proceeding is a *civil suit* ; (*Hinman v. Taylor*, 2 *Conn. Rep.* 357.) and has the incidents of such a suit, one of which is, that it is amendable. The plaintiffs made a mistake in referring to the statute on which their complaint was founded, which, if not corrected, might have been fatal ; but it did not render the process *void.* It was the common case of an amendable defect.

3. That the testimony of *Taintor* was properly received ; he having no greater interest than every other inhabitant of the town.

4. That the testimony of *Patience Neff* was admissible. In the first place, there was no negotiation or proposition for a settlement. There was no claim made upon the defendant, which

*Windham,*
*July,*
*1824.*

*Fuller*
*v.*
*Hampton.*

he denied.    There was no intimation, that his object was *to buy his peace.*    Secondly, there was an admission, by the defendant, of *a fact, viz.* that he was the father of the child ; and there-fore, the admission would be competent evidence, even if made in a conversation having for its object the settlement of a con-troversy.    *The Hartford Bridge Company* v. *Granger* & al. 4 *Conn, Rep.* 142.    Thirdly, the testimony of *Patience* was proper to corroborate the evidence of *Clarissa.*

5. That the judgment was correct, and in the only proper form.    The defendant pleaded *Not guilty.*    This put all the material facts stated in the complaint in issue.    The court found him *guilty ;* which was equivalent in effect, and preferable in form, to finding that all such facts were true.

HOSMER, Ch. J.  I shall confine my opinion in this case to the question, whether the complaint of the town of *Hampton* is suf-ficient.

The right of an action is given to the plaintiffs below, by the statute providing for the support of bastard children ; and the suit is brought upon the statute.    There is no remedy at com-mon law for the town of *Hampton* ; and if there were, it would be unavailable in the present action.    They must bring them-selves within the statutory remedy, and aver every fact, which the law has made a prerequisite to their recovery.    One indis-pensible fact is the neglect of the mother of a bastard child to bring forward her suit for its maintenance.    " The town inter-ested in the support of a bastard child, when sufficient security shall not be offered to indemnify such town against all charge and expense for the support of such child, and *the mother neg-lects to bring forward her suit for maint nance,* may insti-tute a suit against the person accused of begetting such bas-tard child.'    *Stat.* 92. *tit.* 8. *s.* 2.    The neglect of the mother to bring forward her suit, is a *sine-qua-non* of the town's right to bring forward a suit.    This condition precedent is not, that the mother has not *prosecuted her action to final judgment,* but that she has not brought it forward at all.    If a suit is depend-ing in her favour, there is no reason for sustaining an action in behalf of the town ; because in the mother's suit, the recovery is, not only co-extensive with her claim, but that the town be indemnified.

From a very early period to the present time, it has been, and is, a maxim of construction, that every thing shall be taken

most strongly against the party pleading, and every body is presumed to make the most of his own case. *Co. Litt.* 303. 1 *Chitt. Plead* 241. 1 *Wms. Saund.* 259. n. 8. From this it follows irresistibly, that the plaintiff in his declaration can only have credit for facts expressly averred, or such as result, by necessary inference. Upon this principle, it has been adjudged, where tenant in tail levies a fine with proclamations, he ought to allege *expressly*, that it was a fine *with proclamations*, otherwise it will be intended to be a fine only at common law. *Stowel* v. *Lord Zouch, Plowd.* 361. *b. Moor* 220.

In the case before us, the plaintiffs below averred in their declaration, that "the said *Clarissa Neff*, the mother of said child, has, at all times, neglected and omitted to bring forward, in her own name, *and prosecute to final judgment*, her suit." This allegation is not aided or affected, by the other averments in the plaintiffs' declaration, or by any implication arising from them, and therefore must be construed by itself; nor is it aided, by the finding of the court. A verdict cures no omission in the declaration, unless the matter omitted was a circumstance necessary to some of the facts charged. Nothing is to be presumed after verdict, but what is expressly stated in the declaration, or what is necessarily implied from those facts which are stated. *Buxendin* v. *Sharp*, 2 *Salk.* 662. *Rushton* v. *Aspinall, Doug.* 679. *Spieres* v. *Parker*, 1 *Term Rep.* 141. The case, then, so far as the declaration of the plaintiffs is concerned, depends exclusively on the proper answer to this question, *viz.* whether an averment that *Clarissa Neff* had neglected and omitted " to bring forward, in her own name, *and prosecute to final judgment*, her suit," is an allegation, that she had neglected and omitted *to bring forward her suit*? Certainly not. She might have instituted her action, and the suit be depending before the court, and yet the averment be literally true. The most rigid certainty is not required in declarations; but certainty to *a certain intent in general*, is indispensible. In degree, it supposes certainty to a common intent, and means " what, upon a fair and reasonable construction, may be called certain, without recurring to possible facts, which do not appear; (1 *Chitt. Plead.* 237.) and in connexion with the rule, that the declaration is to be construed most strongly against the party pleading, it inhibits a construction beyond the plain intendment of the words used. But, on this subject, refined criticism is unnecessary. The allegation of the plaintiffs below proves, not with the lowest degree of certainty, that *Clarissa Neff* had

Fuller
*v.*
Hampton.

not brought her suit, and that it was not depending.   It does evince, that she had not obtained *final judgment*, but not that she had not attempted, and was not attempting, by suit actually instituted, to obtain it.   I should gladly seize on any legal presumption to sustain the finding of the court ; but there is not the least ground to presume any thing beyond the averment. The court could not enquire, whether a suit was depending, and stop here ; because this was not denied, nor the contrary averred.

It was very ingeniously suggested, that the court might expunge the word *and*, in the recited sentence, and substitute *or ;* but this unfounded assertion there was no attempt to support ; and it was well that no such effort was made.

I am clear, beyond the slightest doubt, that the declaration of the plaintiffs below is insufficient ; and that in the judgment of the county court there is manifest error.

PETERS, J. The case before us, is a writ of error, brought to reverse a judgment of the superior court affirming an order of the county court, in a prosecution for indemnity against the maintenance of a bastard.   The record presents a multitude of points for consideration ; but the counsel for the plaintiff in error have wisely reduced them to four.

1.  That the complaint is insufficient.

2.  That it was improperly amended.

3.  That improper testimony was admitted.

4.  That the order of the county court is informal.

1.  The complaint is said to be insufficient, because it does not aver explicitly, that the mother had neglected to bring forward her suit for maintenance.   This certainly is a material averment, and the foundation of the complainents' right to interfere.   The allegation in the complaint is, " that the mother of said child has, at all times, neglected and omitted to bring forward, in her own name, and prosecute to final judgment, her suit for the maintenance of said child."   The objections to this averment savour more of verbal criticism than of law or logick. Read with the eyes of common sense (generally the safest medium,) it presents but a single object, *viz.*   That this woman has either never commenced, or has abandoned her suit.   To bring forward a suit, is to commence it ; and a suit is not commenced until process is served   *Jencks* v. *Phelps*, 4 *Conn. Rep.* 149.   Had *Clarissa* destroyed her process as soon as it was served, the averment would have been literally true, and the right

of the town to prosecute perfect. But if this averment is imperfect, it is cured by verdict. The fact intended to be averred is found by the court. The general rule is, that a verdict will aid a title defectively set out, but not a defective title. 1 *Swift's Dig.* 777. *Crowther* v. *Oldfield,* 1 *Salk.* 365. Had this allegation been entirely ommitted, the title set out would have been defective; but it is so defectively set out, that we know not whether *Clarissa* omitted to bring forward, or has abandoned, her suit. We therefore presume the fact was proved, as it ought to have been alleged.

2. The complaint, it is said, was improperly amended. I concur in the wish of Lord *Kenyon* in *Rex* v. Mayor of *Grampond,* 7 *Term Rep.* 699. " that *that* could be attained, which Lord *Hardwicke* lamented could not be done :" " That these amendments were reducible to some certain rules." But there being no such rules, each particular case must be left to the sound discretion of the court. But the *judicial* exercise of discretion is not a proper subject for a writ of error; (*Mandeville & al.* v. *Wilson,* 5 *Cranch* 15.) though I do not mean to say, that inferior courts may, in all cases, permit or refuse amendments without controul, for judges are bound " *discernere per leges.*" It is a well settled rule, that the allowance or refusal of an amendment, or the granting or refusing of a new trial, or a continuance, cannot be assigned for error. " This Court," say the Supreme Court of the *United States,* in *Mar. Insurance Co.* v. *Hodgson,* 6 *Cranch* 206. " do not think, that the refusal of an inferior court to receive an additional plea, or to amend one already filed, can ever be assigned for error. This depends so much on the discretion of the court below, which must be regulated more by the particular circumstances of every case, than on any precise and known rule of law, and of which the superior court can never become fully possessed, that there would be more danger of injury in revising matters of this kind than what might result, now and then, from an arbitrary or improper exercise of this discretion. It may be very hard not to grant a new trial, or not to continue a cause. But in neither case, can the party be relieved, by a writ of error." The same principle has been repeatedly recognized by this Court. *White* v. *Trinity Church,* 5 *Conn. Rep.* 187. and the cases there cited.

3. It is next claimed, that improper testimony was admitted.

First, the complainants prosecuted their suit, by *Roger Taintor* and others, their agents and select-men. *Taintor* was admitted as a witness; and it is now said, he was liable for costs,

and interested in the event of the suit; and so was every inhabitant of the town of *Hampton.* His interest was merely corporate; and it is every day's practice to admit members of public corporations to testify, when such corporations are parties. *Swift's Ev.* 57. 1 *Swift's Dig.* 743. Had the defendant below been acquitted and recovered his costs, an execution therefor would not have been issued against the select-men individually or collectively. It must have been issued against the property of the inhabitants of the town; and such is the invariable practice. 1 *Swift's Dig.* 794.

Secondly, the objections to the testimony of *Patience Neff* are equally futile. She was properly admitted to corroborate the testimony of her sister, whose character had been impeached; (*Swift's Ev.* 123. *Lutterell* v. *Reynell,* 1 *Mod* 283.) and not to disclose offers made by the defendant under the confidence of a compromise merely to buy his peace. This part of the case cannot be distinguished from *Hartford Bridge Co.* v. *Granger* & al. 4 *Conn. Rep.* 142. where it is said, by the court, " that it is never the intendment of the law to shut out the truth, but to repel any inference which may arise from a proposition made *not with* a design to admit the existence of a fact, but merely to buy his peace. If an admission, however, is made, because *it is a fact*, the evidence to prove it is competent, whatever motive may have prompted to the declaration."

4. The order of the county court, it is said, is informal. Issue was joined on the defendant's plea of *not guilty*; which put in issue all the facts alleged in the complaint; and the county court, by finding the defendant *guilty*, found them true. The order is the inference of law from the facts found, and in exact conformity with the statute. *Title* 8. *p.* 92. " If the court shall find the defendant *guilty*, they shall make an order, that he shall give a bond, with sufficient surety, to such town, to indemnify them against all expense for the maintenance of such child, &c."

I am, therefore, of opinion, that there is no error in the judgment complained of.

BRAINARD and BRISTOL, Js. were of the same opinion.

Judgment affirmed.