McLoud and another *against* Selby :

IN ERROR.

A school district is liable to be sued.

The private property of the inhabitants of a school district may be taken to satisfy a judgment against such district.

A judgment against a school district cannot be impeached collaterally, by an inhabitant whose property has been taken to satisfy such judgment.

This was an action of *assumpsit* on a receipt of property taken on execution, given by *Anson McLoud* and *Henry Gates,* to *William Selby,* jun., the officer. The declaration alleged, That at the term of the *Hartford* county court, holden on the fourth *Tuesday* of *March,* 1834, *Solomon E. Miller* recovered judgment against the *South-East School District* in the first school society in the town of *Hartland,* for the sum of 83 dollars, 21 cents, damages, and 6 dollars, 91 cents, costs of suit; that he took out execution on such judgment, and delivered it to the plaintiff, then a constable of the town of *Hartland,* to be executed and returned according to law ; that on the 23d of *April,* 1834, within the life of the execution, the plaintiff repaired with it to *Phelps Humphrey,* Esq., in said

town of *Hartland,* committee of said district, and demanded of him payment thereof; that this demand not being complied with, the plaintiff demanded of said committee the money, goods and chattels of the district whereon to levy the execution, but none were shown to the plaintiff, nor could he, by the most diligent search, find any; that afterwards, on the same day, the plaintiff repaired with said execution to the usual place of abode of said *McLoud* in said *Hartland,* an inhabitant and treasurer of said district, and demanded of him, first as such treasurer, and afterwards as a member and inhabitant of said district, payment of said execution, but he wholly neglected to make such payment; that the plaintiff then demanded of said *McLoud,* in the same capacities, the money, goods and chattels of the district and of said *McLoud* individually, whereon to levy the execution, but none were shewn or found; that the plaintiff then and there levied said execution upon two yoke of cattle, which, at the special instance and request of the defendants, the plaintiff delivered to them, and they, in consideration thereof, in and by a certain writing under their hands, acknowledged the receipt of said cattle, and promised the plaintiff to redeliver the same to him, &c.

On the trial, under the general issue, before the county court, *November* term, 1834, the plaintiff, after proving the judgment set forth in his declaration, (which was a judgment against said district, by default,) offered in evidence the execution issued thereon, by virtue of which the plaintiff had taken the property of the defendant, *McLoud.* The execution counted upon a judgment, recovered, by *Solomon E. Miller,* "against the *South-East School District* in the first school society in the town of *Hartland;*" and commanded the officer, that "of the goods, chattels or lands of said debtor you cause to be levied," &c. The defendants objected to the admission of this execution in evidence, because it did not authorize the plaintiff to seize the property of the defendant *McLoud.* The court were of opinion that it did authorize such seizure, it appearing that *McLoud* was an inhabitant of the district, and admitted the evidence offered.

The defendants claimed, and offered evidence to prove, that said judgment was obtained by fraud and for a matter not within the legitimate powers of the district. The plaintiff objected to this evidence, on the ground that the judgment was

conclusive upon the defendants.    The court sustained the objection, and rejected the evidence.

The plaintiff obtained a verdict ; and a bill of exceptions being filed, by the defendants, a writ of error was brought in the superior court, and reserved for the advice of this court.

*Toucey,* for the plaintiffs in error, contended, 1. That the judgment was not conclusive upon them.    In the first place, they are not parties or privies.    They could not appear and defend in suits by or against the district ; or examine witnesses ; or appeal or bring a writ of error.    On the other hand, they might, by our law, be witnesses ; might serve the writ ; and do other acts which a party cannot do.    It is otherwise in *England ;* for there rated parishioners and hundredors are real parties.    1 *Stark. Ev.* 185-7. 191.    *The King* v. *Kirkford,* 2 *East* 559. 561.    *Phill. Ev.* 74.    1 *Mau. & Selw.* 636.    *The King* v. *Hardwick,* 11 *East* 578.    *The King* v. *Woburn,* 10 *East* 395.

Secondly, the default or confession of the corporation is not conclusive on the individual that the *subject matter* of the suit is *within the corporate power.*    If it were, the corporation would have unlimited power over the property of its members ; as to build theatres, &c.

Thirdly, if a subject matter be not within the corporate power, then *quoad* that subject matter, there is no corporation ; as if an action for slander or on a policy of insurance be brought against a school district, or an ecclesiastical society, there is no defendant.

Fourthly, a *quasi* corporation is not liable to be sued, unless the action is given by the statute.    *Russell* v. *The Men of Devon,* 2 *Term Rep.* 667.    *Riddle* v. *The Proprietors of Locks and Canals on Merrimack River,* 7 *Mass. Rep.* 169. 187.    *Mower* v. *Leicester,* 9 *Mass. Rep.* 247.

Fifthly, the inhabitants of a school district are not liable to be sued as a corporation ; at all events, in one case only, even by construction ; and the case shown by the bill of exceptions, is not that case.

Sixthly, this was the first opportunity the law gave *McLoud* to show, that his property was not liable.

Seventhly, fraud may always be shewn, by one not a party to the judgment.

**2.** That as the execution issued against *corporate property* only, and the property taken was not corporate property, the officer went beyond his warrant.

**3.** That the declaration was fatally defective. It does not allege that *McLoud*, whose property appears by the bill of exceptions to have been taken, was an inhabitant of the district when the judgment was rendered.

*Hungerford*, for the defendant in error, insisted, 1. That the suit was properly brought against the district, in its corporate name. *Barkhamsted* v. *Parsons*, 3 *Conn. Rep.* 1.

**2.** That an execution against a school district may be levied on the property of its inhabitants. *Fuller* v. *Hampton*, 5 *Conn. Rep.* 425, 6. *Atwater* v. *Woodbridge*, 6 *Conn. Rep.* 223. *Russel* v. *Men of Devon*, 2 *Term Rep.* 673. 2 *Kent's Com.* 221. *Riddle* v. *The Proprietors of Locks and Canals on Merrimack River*, 187. *Mower* v. *Leicester*, 9 *Mass. Rep.* 247. *Brewer* v. *New-Glocester*, 14 *Mass. Rep.* 216. *Adams* v. *Wiscasset Bank*, 1 *Greenl.* 361.

**3.** That the judgment in the suit against the school district cannot be collaterally impeached, in the manner attempted in this case. 1 *Stark. Ev.* 200. n. 209. 3 *Stark. Ev.* 1062. *Adams* v. *Wiscasset Bank*, and *Brewer* v. *New-Glocester*, cited above.

BISSELL, J. Upon this writ of error, which comes here for our advice, three questions are presented for decision.

1. Is a school district liable to be sued?

2. May the property of an individual corporator be taken to satisfy the judgment against the district?

3. Can the judgment be impeached, by the individual, whose property is so taken?

It has, indeed, been contended, that the declaration is insufficient, inasmuch as it is not alleged, that *McLoud* was a member of the district, at the time when the judgment was rendered.

With regard to this exception, it is only necessary to observe, that it was not taken in the court below. It was not there a point in judgment; nor has it been specially assigned as a ground of error. It is not, therefore, properly before us. *Pick-*

*et* v. *Allen,* 10 *Conn. Rep.* 146.    *Bissell* v. *Spencer,* 8 *Conn. Rep.* 504.   6 *Conn. Rep.* 327.

We are, therefore, brought to enquire,

1. Is a school district liable to be sued ?   Upon this point we entertain no doubt.   That these corporations are capable of suing, and being sued, would seem to be strongly inferrible, from the powers and privileges conferred upon them, by the statute.   They have power to erect school-houses, to purchase lands on which to erect them, to levy and collect taxes, to appoint treasurers and collectors, and to do all necessary acts, for the purpose of sustaining and regulating schools.   They may, therefore, possess property, and may make contracts ; and may not these contracts be enforced ?

It has, however, been said, that these *quasi* corporations are not liable to be sued, unless the action is, expressly, given by statute ; and in support of this proposition, a number of cases have been cited.   But none of the cases relied on, sustain the position, in the broad terms in which it has been asserted.   The case of *Russell* v. *The men of Devon,* 2 *Term Rep.* 667. merely decides, that no action will lie in favour of an individual, against the inhabitants of a county, for an injury sustained in consequence of a county bridge being out of repair.   The action was against *the men dwelling in the county of Devon ;* and was grounded on the neglect of a duty, imposed on them by law.   It was admitted, in the argument of the case, that if any individual, or a corporation, ought to have repaired this bridge, an action would have lain.   And Lord *Kenyon,* in giving his opinion in the case, says : " But the question here is, whether this body of men, who are sued in the present action, are a corporation, or *qua* a corporation, against whom such an action can be maintained."   The doctrine of this case is recognized in the case of *Riddle* v. *Proprietors of Locks and Canals on Merrimack River,* 7 *Mass. Rep.* 169. although it was there decided, that an action on the case would lie against a corporation, for neglect of a corporate duty, by which the plaintiff suffers.   And in the case of *Mower* v. *The Inhabitants of Leicester,* 7 *Mass. Rep.* 247., it was decided, that no action lies at common law, against a town, for damages sustained through the defect of the highways in such town.

It may here be remarked, that the only principle involved in these cases, is, that a *quasi* corporation is not liable, at common

*Hartford*,
June 1835.

McLoud
*v.*
Selby.

law, for the mere neglect of a corporate duty. But it does not therefore follow, that no action lies against them, unless it be given by statute. Let it once be admitted, (as, indeed, it must be admitted,) that these corporations have the power to make contracts, and there is an end of the question. For it, surely, would be a flagrant departure from all principle, to hold, that such contracts could not be enforced against them. A mechanic builds a school-house, in pursuance of a contract, entered into with the school-district. Could it be endured, that he might not sue on that contract, because an action was not given by statute?

It need only be added, that it has been the uniform practice, in this state, for individuals to enforce these contracts, by suits at common law, against these *quasi* corporations. *Whitney* v. *Brooklyn*, 5 *Conn. Rep.* 405.

2. May the property of an individual corporator be levied on and taken, to satisfy a judgment against the district?

It was not denied in the argument, that in *England*, the property of the inhabitants of parishes, and of all *quasi* corporations, may thus be taken. The principle was, undoubtedly, familiar to our ancestors, when they emigrated to this country. And there is every reason to believe, that it was here early adopted, and incorporated into our system. So far as we have been able to ascertain, it has been the invariable practice, in *Connecticut*, and that from an early period, to levy executions against towns, upon the property of the inhabitants. This is recognized as a settled principle, in the case of *Atwater* v. *Woodbridge*, 6 *Conn. Rep.* 223. And it is there strongly intimated, that the same principle is applicable to ecclesiastical societies. If then, such be the principle with regard to these corporations, it sems to us, that it would be breaking in upon the analogies of the law, to deny its application to school districts. " They are communities for different purposes, but essentially of the same character." We have seen what are their powers and privileges : that they may make contracts, levy taxes, and possess property ; that they are capable of suing and being sued. In all these particulars, they are placed on the same footing as towns. And as in the one case, the property of an individual may be taken, to satisfy a judgment against the corporation ; it is not easy to assign a reason, why it should not so be taken, in the other case. It seems to us,

HARVARD LAW LIBRARY

*Hartford,*
*June, 1835.*

McLoud
*v.*
Selby.

that the cases are strictly analogous, and that both must be governed by the same principle. It has, however, been contended, that in the case before us, the execution issued against the corporate property *only ;* and, *therefore,* the property of an individual cannot be taken. We do not think that this objection ought to prevail. In the case of towns, the action is, now, more usually brought directly against the corporation, and not against the inhabitants. Of course, judgment is rendered against the corporation ; and execution goes against the corporate *property only.* And yet, it is believed to be the uniform practice, to levy executions, so issued, upon the property of the inhabitants.

It may, indeed, at first view, appear somewhat anomalous, that the property of an individual should be taken to satisfy an execution, issued against the property of a corporation. But we do not feel at liberty to overturn a practice which is believed to be nearly coeval with our government, and which has become thoroughly incorporated into our system of jurisprudence. We are, therefore, of opinion, that the property of an individual corporator may be taken to satisfy a judgment against the district.

There is but one question remaining.

3. Can the judgment be impeached, by the individual whose property is to be taken ?

It is, as was suggested at the bar, an elementary principle, that no one ought to be bound, as to a matter of private right, by a judgment to which he was not a party, against which he could make no defence, and from which he could not appeal. On the other hand, it is equally well settled, that no matter once litigated and determined, by proper authority, shall a second time be brought into controversy between the same parties. Are then the individual members of a school district, parties to a judgment, rendered against that district ? This question, it may be remarked, is virtually involved in that which has already been considered. For it surely would be subversive of all settled principles, to hold, that the property of a man may be taken to satisfy a judgment, to which he was not a party. This can never be done. It may further be remarked, that with regard to *quasi* corporations in *England,* this question is well settled. All the inhabitants of a parish or hundred are parties to a judgment against such parish or hundred ; and ev-

ery individual is bound by the judgment. And in regard to towns, the principle is equally well settled in *Connecticut*. We have seen, that the property of individuals may be taken to satisfy judgments against these corporations. But we shall look in vain for a case where such an individual has been permitted, collaterally, to impeach the judgment. That the corporation cannot thus impeach it, admits of no doubt. Now, is it not highly inconsistent to say, that the corporation, as such, cannot impeach the judgment, but that it may be impeached, by every individual member of the corporation? That it is conclusive upon the corporation, while not a single member of it, is concluded?

It has been already remarked, that this question is virtually involved in that which has been decided. The property of the plaintiff in error was rightfully taken to satisfy the judgment against the school district. The officer was not bound to receipt the property. He might have removed, and sold it, at the end of twenty days. Had he done so, the plaintiff in error would have been without remedy. Can it vary the principle, that the officer delivered over the property on a receipt, instead of retaining it, as he might have done? It need only be added, that the doctrine now asserted, was fully recognized in the cases which have been cited. See also *Fuller* v. *Hampton*, 5 *Conn. Rep.* 425. 2 *Kent's Com.* 221. 3 *Stark. Ev.* 1062. *Brewer* v. *New-Glocester*, 14 *Mass. Rep.* 216. *Adams* v. *Wiscasset Bank*, 1 *Greenl.* 361.

It has, indeed, been urged, that the members of the district might have been witnesses in the suit; and *therefore*, they cannot be parties. It may be admitted, that they might have been witnesses; but it does not necessarily follow, that they are not parties. The general rule is, undoubtedly, as has been claimed. But the rule is not without its exceptions; and we suppose it to be well settled, in this state, that the inhabitants of public corporations are competent witnesses, in cases where such corporations are parties. This point was directly decided, in the case of *Fuller* v. *Hampton*; and yet it was there distinctly admitted, that had the defendant below been acquitted, and recovered his costs, an execution therefor, would have been issued against the property of the inhabitants of the town; and such, it was then said, is the invariable practice.

Again, it has been urged, that the plaintiff in error was not

HARVARD LAW LIBRARY

*Hartford,*
*June, 1835.*

McLoud
*v.*
Selby.

permitted to appear and defend, in the suit against the district ; and therefore, he ought not to be concluded by the judgment.

It should be here remarked, that it does not appear from the record before us, that the plaintiff in error offered to appear ; or that he was prevented from appearing and defending in that suit. What influence that fact, if presented by the record, might have had upon the case, it is not necessary to determine.    It is sufficient to observe, that the fact does not appear.

The objection is grounded on the statute regarding communities ; (*Stat. p.* 131.) and on (what is said to be) the uniform practice in this state.

The statute prescribes the manner in which towns, and lawful societies, communities and corporations may sue and be sued, directs the manner in which process may be served, and then provides that they shall have power, in their lawful meetings, to appoint agents to appear in their behalf, and to employ attorneys, if necessary, to prosecute and defend in the suits, to which they are parties.    We can perceive nothing in the provisions of this act, which should prevent an individual corporator from appearing and being heard, if he thinks proper.

It is, however, said, that the uniform practice in this state has been otherwise : that individuals have not thus been permitted to appear and defend.    We do not know how extensive may have been this practice in this state.    Such, certainly, is not the rule in *England.*    There the inhabitants of public corporations are considered as the real party, and are entitled to all the rights and privileges of a party.    *The King* v. *The Inhabitants of Woburn,* 10 *East* 395. *The King* v. *The Inhabitants of Hardwick,* 11 *East* 578.

In this state, we have seen, that they are so far considered as parties, that their property may be taken to satisfy the judgment.    Can any good reason be assigned, why they should not be treated as parties for all purposes ?    That they should not be permitted to defend against a judgment which they are liable to respond ?    To deny them this right, would be to oppose all principle, and all analogy.

That the individual members of a public corporation are concluded, by a judgment against the corporation ; and that their property may be levied on, to satisfy such judgment, we consider as too well settled, both on the principles of the common law, and by the uniform course of decisions, in this state, to be doubted.    We do not feel at liberty to depart from it.

And if a practice has obtained, which conflicts with this well settled principle, we think it better that the practice should be corrected than that the principle should be abandoned.

Upon the whole, we are of opinion, that there is nothing erroneous in the judgment complained of; and would so advise the superior court.

In his opinion the other Judges concurred.

Judgment to be affirmed.