*Hartford,*
June, 1838.

Ward
*v.*
County of
Hartford.

WARD and another *against* THE COUNTY OF HARTFORD:

#### IN ERROR.

A county in this state is not liable to the process of foreign attachment.
No action at law will lie against a county.

THIS was a *scire-facias* in a process of foreign attachment against the county of *Hartford.* The original action was against *James Chamberlin,* describing him as an absent and absconding debtor, and averring that the county of *Hartford* was his debtor and trustee. A copy was left in service with *Nathaniel Goodwin,* Esq. as treasurer of the county. The plaintiffs recovered judgment against *Chamberlin ;* and an execution issued thereon was returned *non est inventus,* demand having been made of the county treasurer, as well as of the execution debtor.

There was a demurrer to the declaration ; and the court adjudged it insufficient ; whereupon the plaintiffs, by motion in error, brought the case before this court.

*I. Perkins* and *W. W. Ellsworth,* for the plaintiffs, contended, That a county in this state, being a corporation capable of contracting debts, is liable to the process of foreign attachment. The statute provides, that " where debts are due from any person to an absent or absconding debtor," they may be recovered, by this process. *Stat.* 237. *tit.* 37. *s.* 1. That a *private* corporation is a " person," within the meaning of this statute, was settled in *Knox* & al. v. *The Protection Insurance Company,* 9 *Conn. Rep.* 430. The powers of *public* corporations are co-extensive with the duties imposed upon them : and among the duties of a county is the building and keeping in repair of the court-house and gaol. To perform this duty, it must have the power of contracting, and consequently, of becoming *indebted.* That it may be sued, like any other debtor, would seem to be a necessary consequence ; and suits against it have accordingly been sustained. *Staphorse* v. *County of New-Haven,* 1 *Root,* 126. *Hawley* v. *County of Litchfield,* 1 *Root,* 155. But if there be any doubt on this point, the statute relating to *Communities* has removed it, by em-

powering "all lawful societies, communities or corporations," not only "to commence and prosecute any suits or actions," but also to "*defend* in all suits brought against them :" and *when sued*, the mode of service is prescribed.   Such corpora-tions are also authorized to appoint agents and attorneys to "*defend*," as well as to "prosecute," "in the suits in which they are parties." *Stat.* 89. *tit.* 14.   By a later statute, (pass-ed in 1823) counties, by name, are empowered to sue, and to appear, by agent or attorney, "in any suit in favour of *or against* such county." *Stat.* 62. (ed. 1835.)

*Hartford,*
*June, 1838.*

Ward
*v.*
County of
Hartford.

To show the powers of public corporations in relation to their capacity to sue and their liability to suits, the following authori-ties were cited.    *Fourth School District in Rumford* v. *Wood,* 13 *Mass. Rep.* 193. 198, 9.    *Pittstown* v. *Plattsburgh,* 18 *Johns. Rep.* 407. 418.    *Russell* v. *Men of Devon,* 2 *Term Rep.* 667.    *Todd* & al. *Overseers of Cortland* v. *Birdsall,* 1 *Cowen* 260. and note by the reporter, *p.* 261. & seq.   The great principle deducible from a sound construction of the stat-ute and from decided cases, is, that wherever the relation of creditor and debtor subsists, there this process will lie.   A pub-lic officer, who is merely the arm of the law, is not *indebted ;* and therefore, the decisions exempting such officer from this process, are in perfect consistency with the principle assumed.

*Hungerford* and *Cone,* for the defendants, contended, 1. That counties, being territorial corporations, created for the purposes of government, with powers co-extensive only with those purposes, are not liable to actions at law.   They act as agents of the government, and not as principals.   Those who have claims against them, must seek their remedy by petition. *Fourth School District in Rumford* v. *Wood,* 13 *Mass. Rep.* 193.    *Sheldon* v. *County of Litchfield,* 1 *Root* 158.    *Lyon* v. *County of Fairfield,* 2 *Root* 30.

2. That if an action at common law against a county will lie, the process of foreign attachment cannot be sustained. *Spalding* v. *Imlay,* 1 *Root* 551.    *Stanton* v. *Holmes,* 4 *Day* 87. 96.    *Benton* v. *Dutcher,* 2 *Day* 436.    *Winchell* v. *Al-len,* 1 *Conn. Rep.* 385.    *Barnes* v. *Treat* & al. 7 *Mass. Rep.* 271.    *Wilder* v. *Bailey,* 3 *Mass. Rep.* 289.    *Chealy* & al. v. *Brewer,* 7 *Mass. Rep.* 259.    *Stillman* v. *Isham,* 11 *Conn. Rep.* 124.    9 *Petersd. Abr.* 712. 714.   If counties and

other *quasi* corporations were liable to this process, they would be subject to much inconvenience and embarrassment in the discharge of their public duties.

WILLIAMS, Ch. J.    Two questions are presented in this case ; whether a county can be sued at all, and whether it can be subject to this process.

1. Is a county subject to suits ?    The state is divided into counties for public purposes, and particularly for the more convenient administration of justice.    The object of the division into counties is much the same as the like division in *Great-Britain,* although some of the duties imposed upon counties there are here to be performed by other communities.    There, the sheriff is the principal officer of the county, and holds his courts for the county ; and justices of the peace are appointed for the county.    Here, we have a judge of the county, with others to assist him ; and justices of the peace for the county ; and the sheriff is here, as in *England,* the principal executive officer.

In this state, the only duty imposed upon the county is the erection and support of proper places for holding courts and the safe-keeping of prisoners.    But neither here nor in *England,* is this duty performed by the inhabitants of the county in public meeting, but in a manner designated by law.    In *England,* the justices are authorized to alter and enlarge the county gaols, and raise money to defray the expenses ; and may contract for building and repairing them.    *Stat. Wm.* 3.    14 *Vin. Abr.* 10.    In this state, the judges of the county court, with the justices of the peace for the county formerly, now the representatives to the General Assembly acting with the county court, have power to lay the necessary taxes ; and the county court may grant execution therefor.

The object and duties of counties in the two countries being so similar, it may be well to enquire, whether by the *English* law, those duties may be enforced by suit.    No case has been shewn, and none is known to the court, where a suit has been sustained against a county upon a contract, or even for a breach of their public duty.    An attempt has been made to sustain a suit against the inhabitants of a county for damage occasioned by a defective bridge, the county being by law obliged to maintain roads and bridges ; and it was held, that

there was no foundation on which this action can be supported. *Russell* v. *Men of Devon,* 2 *Term Rep.* 667. And we think the same principles must govern here, unless our statutes have given a remedy against the county.

What, then, is our statute law upon this subject ? The ancient statute only designated and limited the counties. *Stat.* 135. *tit.* 20. The statute relative to *"Communities"* (*tit.* 16.) authorizes towns and all lawful societies, communities or corporations to sue and maintain and recover their rights, and to appear and defend in suits brought against them, and to appear and prosecute by agent or attorney ; and when sued, service is to be made, by leaving a copy of the writ with the clerk, or either of the select-men, or of the committee, or secretary or cashier ; and where they have no such officer, with their agent, or if they have no agent, at the place where they transact their business or exercise their corporate powers. The statute also authorizes all towns, societies, communities and corporations, in their lawful meetings, to appoint agents and attorneys to appear and prosecute or defend in the suits in which they are parties. *Stat.* 132. *tit.* 16. *s.* 2. Is there here any authority given to sue counties ? The words "lawful societies and communities" are indeed extensive. It cannot, however, under these terms, be intended to embrace all collections of men ; and as it gives these bodies authority, at their lawful meetings, to appoint agents and attorneys to appear, &c., it must be construed to include only those lawful societies and communities, who may by law hold meetings, or who have such officers as are named in the statute ; otherwise no mode of service is prescribed. But counties, as such, can hold no lawful meetings. There is no law providing for the warning or organizing of them ; and no custom authorizing them. Nor have they any such officers as are named in the statute, upon whom service can be made ; nor have they any known place of transacting their business. And it has been uniformly holden, notwithstanding this statute, that a county could not be sued. *Sheldon* v. *Litchfield County,* 1 *Root* 158. *Lyon* v. *Fairfield County,* 2 *Root* 30. 1 *Sw. Syst.* 112. And in *Hyde* v. *Tolland County,* 1823, it is believed, the same decision was made. It has indeed been holden, by this court, that although the statute does not expressly authorize a suit by a *quasi* corporation, yet if the law of its creation imposes such duties and confers

*Hartford, June, 1838.*

Ward
*v.*
County of
Hartford.

such privileges as require legal remedies for their enforcement and protection, it is fair to infer, that those remedies are also granted. *Tilden* v. *Metcalf*, 2 *Day* 209. *McLoud* v. *Selby*, 10 *Conn. Rep.* 390. This principle we believe to be a sound one.

Is there, then, any thing in the rights or duties of counties, which requires such a construction? Counties are not like school societies or districts, authorized to erect buildings and make agreements for that purpose. They are indeed to defray the expense of erecting court-houses and gaols; but the manner in which it is to be done, is also designated. The county court are to make the contracts, and to see to the performance. In such case, the court are agents of government, by law designated to perform this particular duty; and the mode of raising funds is pointed out; and there is no more difficulty in adopting the same rule as to persons contracting with these agents than with any other agents of the government. In one case only, is provision made for redress against a county; and that is, where a debtor escapes from prison through the insufficiency of the gaol. The creditor, by an application to the county court, may procure an order for payment of his debt. *Stat.* 256. *tit.* 42. *s.* 24. And so well was the rule considered as settled that counties could not be sued, and so doubtful whether they could sue, that in 1823, the legislature passed an act, that counties in the name of their treasurer shall have power to commence and prosecute to final judgment any suit at law or bill in equity necessary to enforce, acquire or establish any right, title or demand, and to appear, by agent or attorney, in any suit in favour of or against such county. *Stat.* 62. (ed. 1835.)

Does this act subject the county to suits? Certainly not in terms. But it is said, it does implicitly, because it authorizes an appearance in suits against them. It is apparent, that the great object of this statute was, to enable the counties to protect themselves; and that to complete this protection, it was proper to authorize them to appear, if they should be sued. Such an event has repeatedly occurred, and might again occur, even although not authorized by law. It was therefore a provision not improper, that an agent might have authority to appear. But if it was intended to authorize suits against the county, it certainly was strange, when an express authority

was given them to sue, that a similar express power should not be given to commence suits against them, but that it should be left to be implied from such dubious premises.

A majority of the court are of opinion, that no suit can be sustained against the county.

2. The other objection taken to this process, is equally fatal. We have, it is true, holden, that a pecuniary corporation was responsible to the process of foreign attachment, as well as individuals. On the other hand, it has often been decided, that officers, in the execution of public duties, are not to be embarrassed and perplexed with this process. The subject has been so recently before this court, in the case of *Stillman* v. *Isham*, 11 *Conn. Rep.* 124. that it is not necessary to examine it particularly. And when it is considered, that this suit, though nominally against the county, is in fact a suit calling upon one of its officers to disclose his accounts, and pay over the moneys which may be due to a third person, we think that some of the principles, which governed the court in the cases alluded to, are entirely applicable to this case. The business of counties, as well as that of the state itself, must be transacted by its officers, who are not to be called from their posts, at the pleasure of individuals, for their own private purposes ; nor are their accounts to be embarrassed, by claims, to which they may be strangers. We see no reason why a county treasurer should be responsible to this process, more than a state's attorney. We are, therefore, satisfied, that there is no error in the judgment complained of.

In this result, all the Judges concurred. One or two of them expressed some doubt on the first point, though no one explicitly dissented.

Judgment affirmed.