# School Directors

*v.*

# Charles R. Miller.

1. Schools—*districts—when divided—until division of the property and debts is made as required by statute—each district bound to pay its own debts.* School District No. 2 was divided, and a new district formed, known as District No. 6. After the division, district 6 contracted a debt for school purposes, and subsequently the two were consolidated into one district, known as District No. 2.

Afterwards, a re-division of this consolidated district was made, and District No. 5 was re-organized with all its former territory. *Held*, in an action against District No. 2, for the debt contracted by No. 6, that the defendant could not be held liable, it appearing that District No. 2 never received any benefit therefrom, but that the debt was made by District No. 6, for its own use; that at the time of the commencement of the suit, District No. 6 existed as a separate school district, and that upon the re-division of the consolidated district, no apportionment of the property, funds and liabilities had been made by the trustees, as required by the statute, whereby the payment of the debt had fallen upon District No. 2.

2. Where a school district is divided and a new one formed, the statute requires that the township trustees shall make a division of the property, funds and liabilities, in a just and equitable manner, and until such division is made, each district is bound to pay its own debts.

APPEAL from the Circuit Court of Randolph County; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. JOHN MICHAN, for the appellants.

Mr. W. H. UNDERWOOD and Mr. J. B. JONES, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the recorder's court of the city of Sparta, Randolph county, brought by Charles R. Miller against the School Directors of District No. 2, in town 5 south, range 5 west, in that county, on a promissory note which the school directors of district No 6, in the same township, had executed to the plaintiff for money borrowed to build a school house in that district.

A judgment was rendered for the plaintiff, which, on appeal and trial in the circuit court, was affirmed.

To reverse this judgment the defendants appeal to this court.

It appears that on the 6th of April, 1863, school district numbered two was divided, and a new district established, known as school district numbered six. In October, 1864, a petition was presented to consolidate districts two and six into one district, which was allowed, and they were consolidated into one district known as district numbered two.

April 20, 1863, district six was organized by the election of a board of directors, of whom plaintiff was one, and on the same day they elected their president and clerk, who was directed to give public notice of a meeting of the legal voters of the district, to locate and purchase a site for a school house, and to determine the kind of house to be erected. On May 4, 1863, this meeting was held and duly organized, and the site selected, and the directors were instructed to borrow money on the credit of the district sufficient to build the house, and a two per cent. tax was directed to be levied.

All the money borrowed, including the amount of the note in suit, was applied to building the school house in district numbered six.

It further appears, that district six was existing as such, as a school district, with the same territory it had under its first organization—that district two never received any of the money borrowed by district six, the whole of it having been paid out for the site for the school house and for building the school house in district six.

We are at a loss to perceive by what process district two has become liable to pay a debt contracted by district 6, such district being in full life and having enjoyed all the benefits of this debt. On the authority of the case of *Bruffort* v. *Great Western R. R. Co.*, 25 Ill. 358, district two was not responsible for the debts of district six, unless the obligation had been expressly created, which is not shown.

If, upon a re-division of this consolidated district, the township trustees had apportioned the property, funds and liabilities of such divided district, as required by section 33 of the School Law, and this liability had fallen upon district two, there might be some ground for a recovery.

Apart from that, we cannot perceive the legal or moral obligation resting upon district two to pay the debts of district six. On this point the court refused to instruct the jury, where a school district was divided and a new one formed, that the trustees of the township concerned should make a division of the funds, property and debts in a just and equitable manner, and until such division be made, each district was bound to pay its own debts.

We think this is the spirit and meaning of section 33 of the school law, and the jury should have been so told.

The court also refused to instruct the jury, that if they believed from the evidence that district six did then, and at the time of the commencement of the suit, exist as a school district, and that said district is the identical district for whose use and benefit the debt sued for was made, they should find for the defendant. To the same effect is instruction numbered eight, which the court also refused to give.

We perceive no reason, on our theory of the case, and none has been shown, why these instructions were refused. Their refusal was error, and for the error the judgment must be reversed.

*Judgment reversed.*