# John F. Rogers

*v.*

# The People *ex rel.* Maria Brewer.

1. School districts—*mode of enforcing liability when changed by re-districting township.* When the trustees of schools re-district a township, and form the territory of a district into other districts, so that the old one ceases, if they fail to apportion its indebtedness, and lay it upon the new organizations, the old district will be continued in existence for the purpose of enforcing its liabilities. In such a case, service upon those who were directors at the time of the change will be good service, as they will constitute a body corporate for the purpose of enabling creditors to enforce payment of their debts.

2. School teachers—*remedy for wages.* The proper remedy of a school teacher to recover his wages is an action against the school directors of the district, and, upon a recovery, to take out the special execution provided, and enforce it by attachment or *mandamus.* *Mandamus* against the township treasurer is not the proper remedy.

3. Mandamus—*judgment on, not allowable.* A personal judgment against a public officer in a proceeding by *mandamus* to compel the payment of money is erroneous.

Appeal from the Circuit Court of Marion county; the Hon. Silas L. Bryan, Judge, presiding.

This was an application, by Maria Brewer, for a *mandamus* against John F. Rogers, treasurer of schools, to compel him to pay the relator a sum due her from the directors of schools as wages for teaching a school. The facts of the case are stated in the opinion.

Mr. D. C. JONES, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

School districts, in the absence of express statutory provisions declaring them to be corporations, with capacity of suing and being sued, have been regarded as *quasi* corporations, with limited powers.   Dillon on Mun. Corp. p. 32, sec. 10, and cases cited in notes; Ang. & A. on Corp. sec. 24, and cases cited.

But the statute of this State expressly provides thus: "The directors of each district are hereby declared a body politic and corporate, by the name of 'School directors of district No. —, township No. —, county of ——, and State of Illinois,' and by that name may sue and be sued in all courts and places whatever.     *     *     The directors shall be liable as directors for the balance due teachers, and for all debts legally contracted."

The relator having, under contract with the directors of district No. 1, township No. 4, county of Marion, in the State of Illinois, rendered six months' service as teacher in said district prior to April, 1868, at that time presented her schedule, duly certified by herself and such directors, to appellant, as treasurer of said township, and demanded payment.   A small portion, only, of the amount due was paid, and the balance refused, whereupon, without any judgment against the directors of the district, she sued out of the Marion circuit court an alternative writ of *mandamus* against appellant as such treasurer, directing him to pay the balance or show cause against it.   To this writ a return was filed by appellant, admitting the fact of the services having been rendered by relator, as such teacher, under contract with the directors of the district, also the genuineness of the schedule and the justness of the balance claimed to be due, but denied having had,

or then having, any moneys in his hands out of which he could lawfully pay the amount claimed. He then set up, as a reason for his inability to pay the claim, the fact that in April, 1869, the trustees of the township, at their regular meeting, had re-districted the township, and in so doing, old district No. 1, and for which relator's services were rendered, had ceased to exist, and had become incorporated into other districts, known by different numbers, and the trustees had failed, in making such new organizations, to apportion said indebtedness among the new districts.

Issues of fact were formed upon the return, but the case discloses the facts substantially as stated above. The court below, upon the trial, gave judgment in the following form: "It is, therefore, considered and adjudged by the court that the said plaintiff do have and recover of and from the defendant the sum of $218 judgment, together with the costs herein, and that a peremptory writ of *mandamus* issue therefor." From this judgment the respondent appealed to this court.

It was not within the power of the township trustees, by any action in the re-organization of the township, to impair the obligation of the directors, as such, of old district No. 1, to relator, to pay her the compensation to which she was entitled under the contract they had made with her for services, on behalf of such district. If the indebtedness from old district No. 1 to relator had been apportioned among and laid upon the new organizations, thus securing its payment, the law would accept the substituted mode, and the old district be discharged; but that not having been done, it remains bound, and for all purposes of a remedy will still be deemed to exist. This principle we understand to have been recognized in *School Directors* v. *Miller,* 49 Ill. 494.

But this judgment will have to be reversed. It is a personal judgment against the treasurer for the amount due upon the schedule, and that in a proceeding by *mandamus.* It is wholly without precedent. We have already seen that

the statute makes the directors liable, as directors, for the balance due teachers; but here is a personal judgment against the township treasurer for such balance, and what is still worse, it is rendered in a proceeding by *mandamus*, when no such thing was ever heard of before.

Section 16, Sess. Laws 1857, prescribes a specific mode for the collection of demands against school directors, and is exclusive. When judgment is obtained against them, a special execution is authorized, which may be enforced by attachment or *mandamus*. Instead of the remedy here pursued, the relator should have brought suit against the directors of old district No. 1, put her claim into judgment, taken out the special execution provided, and enforced it by attachment or *mandamus*, as the exigencies might require. Relator's debt is a just one, and its payment can not be evaded or escaped when the proper remedy is resorted to. It may be enforced by action against the directors of the old district. Service upon those who were such directors at the time the new organization was made, will be good service. They constituted a body corporate, liable as such for this debt, and from which they can not be relieved by the action of the township trustees in forming the district into new organizations, without apportioning this debt among them.

The judgment of the court below will be reversed.

*Judgment reversed.*