CATHERINE MOLL

v.

SCHOOL DIRECTORS.

*Schools—Sec. 33, Chap. 122, R. S.—District Attached to Another—Orders of Old District—Defective Declaration.*

A declaration on orders issued by the Directors of a school district which has since been attached to another district, in a suit against the Directors of the latter, which does not aver an apportionment under Sec. 33, Chap. 122, R. S., of the funds, property and liabilities of the former district to charge the new organization with the liability to pay the orders in question, is fatally defective and obnoxious to a general demurrer.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Pulaski County; the Hon. C. S. CONGER, Judge, presiding.

Mr. W. T. FREEZE, for appellant.

Mr. L. M. BRADLEY, State's Attorney, for appellee.

GREEN, J. Appellant, as assignee of Thomas J. Smith, brought suit against appellee to recover the amount of certain orders on the Treasurer of T. 16, R. 1, E., issued by School Directors of *Dist. No. 2, T. 16, R. 1, E.*, to Smith, and by him assigned to appellant. The original declaration was demurred to and an amended declaration filed, to which a general demurrer was interposed and sustained, and plaintiff electing to abide by her amended declaration, the court rendered judgment for defendant for costs, to reverse which this appeal was taken. The declaration, as amended, was obnoxious to a general demurrer on several grounds, but especially because it averred, as a cause of action in favor of appellant against School Directors of *District No. 1, T. 16, R. 1, W.*, a contract made by the School Directors of *District No. 2, T. 16, R. 1, E.*, with Smith, to teach school in District No. 2, under which contract he taught a school in District No. 2, and the School Directors thereof issued and

Moll v. School Directors.

delivered to him, for such services, the orders sued on, and that appellee became liable to pay the amount of said orders because afterward the Trustees of Township 16, by their order upon a proper petition, attached said District No. 2 to, and made it part of said District No. 1, but fails to aver the Trustees did also apportion the funds, property and liabilities of District No. 2 as it is required by the law to be done, in order to charge the new organization with the liability to pay these orders. In Rogers v. The People ex rel. Brewer, 68 Ill. 154, the court say, it was not within the power of the township Trustees, by any action in the re-organization of the township, to impair the obligation of the Directors, as such, of the old district, to pay the teacher the compensation to which he was entitled under the contract they had made with him, for services on behalf of the district; if the indebtedness from the old district had been apportioned and laid upon the new organizations, thus securing its payment, the law would accept the substitution made, and the old district be discharged, but that not having been done, it remains bound, and for all the purposes of a remedy, will still be deemed to exist. In School Directors v. Miller, 49 Ill. 494, in which it was sought to charge the Directors of a newly organized district with liability to pay notes executed by those of an old district forming part of the new, it is said, if, upon a re-division, the Trustees had apportioned the property, funds and liabilities of such divided district as required by Sec. 33, and the liability had fallen on No. 2 (the new district), there might have been some ground for recovery, and where a school district is divided and a new one formed, the Trustees of the township concerned should make a division of the funds, property and debts, in a just and equitable manner, and until such division is made each district is bound to pay its own debts. This is the spirit and meaning of Sec. 33. As we have said, the declaration, as amended, was radically defective in other respects than the defect we have dwelt on, but we will not lengthen this opinion by adverting to the other objections; it is sufficient to say the demurrer was properly sustained, and the judgment is affirmed.

*Affirmed.*