MILLS COUNTY NAT. BANK v. MILLS COUNTY.

1. **County Warrants on Ditch Fund:** JUDGMENT AGAINST COUNTY WHEN NO SUCH FUND. Where a ditch has been constructed by the county under chap. 2, title 10, of the Code, and warrants have been drawn on the ditch fund, and payment thereof is refused, when presented to the county treasurer, because the supervisors have not raised a fund by the levy of a tax, as contemplated by § 1214 of the Code, the holder of the warrant is entitled to a judgment against the county for the amount thereof, and to the enforcement of payment by the levy of a tax in obedience to the provisions of the statute. It is not necessary to the recovery of such judgment that a request be made upon the supervisors to raise a fund by the levy of the proper tax, and that such request be denied.

TUESDAY, DECEMBER 15.

THIS is an action upon two county warrants drawn by the auditor of the county upon the treasurer. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*E. B. Woodruff*, for appellant.

*Watkins & Williams* and *Lewis & Young*, for appellee.

ROTHROCK, J.—The warrants upon which the suit was brought are as follows:

"OFFICE OF COUNTY AUDITOR,
GLENWOOD, Iowa, October 2, 1879.

"$1,646.44.

"*Treasurer of Mills County:* Pay to Shannon, Martin & Co., or bearer, one thousand six hundred and forty-six dollars and fourty-four cents out of the Watkins ditch fund.

"H. F. WILSON, *Auditor.*

"By order of the Board of Supervisors."

"OFFICE OF COUNTY AUDITOR, }
GLENWOOD, Iowa, November 5, 1883. }

"$1,741.96.

"*Treasurer of Mills County:*   Pay to Mills Co. National Bank, or bearer, seventeen hundred and forty-one dollars and ninety-six cents out of the ditch fund.

"S. C. OSBORN, *Auditor.*

"By order of the Board of Supervisors."

The plaintiff alleges that it is the owner of the warrants, and that on the day of their respective dates they were presented to the treasurer of the county and payment demanded, which was refused, and the following indorsement was made thereon, and signed by the treasurer: "Presented, and not paid for want of funds;" and that said warrants were again presented to the treasurer on the twelfth day of February, 1885, and payment was refused. Judgment is demanded for the amount of the warrants and interest.

There are a number of grounds of demurrer. They need not be set out in full. Their substance is that the action cannot be maintained because the warrants are not payable out of the general county fund; that they are drawn upon a special fund, and must be paid out of that fund; that the action cannot be maintained because it is not alleged that the board of supervisors refused to levy a tax as provided by law for the payment of the warrants; and that defendant has no power nor authority to pay said warrants out of the general fund.

Chapter 2 of title 10 of the Code authorizes counties to locate and cause to be constructed ditches or drains, whenever the same will be conducive to the public health, convenience or welfare. The work is required to be let to the lowest bidder, and the auditor is required to draw warrants in favor of the contractors. By chapter 85 of the Acts of the Eighteenth General Assembly, these warrants are required to be drawn upon the drainage fund. Section 1214 of the Code provides that the supervisors shall make an equitable

apportionment of the expenses, cost of construction, etc., which shall be assessed among the owners of the land benefited by the construction of the ditch, in proportion to the benefit to each of them, and the assessment may be levied upon the lands of the owners so benefited, and collected in the same manner that other taxes are levied and collected for county purposes.

It will thus be seen that ample power is given to the county by its board of supervisors to construct ditches, and to provide means for the payment of the expenses attending the same. The county has as ample power to provide for the payment of a debt incurred for the construction of a ditch as it has to provide for the payment of any other debt. The only difference is that the levy of taxes therefor is to be made upon the persons whose property is benefited by the improvement. The authority for the exercise of the taxing power is as ample and effective as it is for any other lawful purpose. The claims upon which the suit is brought have been audited by the board of supervisors, and the proper warrants have been drawn, and, upon presentation to the treasurer, it appears that there is no drainage fund with which to pay the debt. The question is, how is the owner of the warrants to enforce payment? There is no such privity between him and the tax-payers that any action or proceeding can be maintained against them.

It is claimed that a demand should be made on the board of supervisors to levy a tax, and that no suit can be maintained without such demand. This position cannot be maintained. It is the duty of the county to make the levy without a demand. It might, with the same propriety, be claimed that the holder of any other warrant upon the county must make a demand that a tax be levied to pay his warrant before he can maintain an action. The county has an undoubted right to make any proper and lawful defense to these warrants. If it has no defense, the plaintiff is entitled to judgment, and to the enforcement of payment by the levy of a

tax in obedience to the requirements of the statute above cited. We do not determine that the plaintiff can, by *mandamus*, compel the county treasurer to pay the warrants from the general funds of the county. The law contemplates that the owners of property benefited by the ditch must pay the cost of its construction, and if the plaintiff obtains judgment upon the warrants, the method of raising means for its payment is plainly pointed out by statute. We think the demurrer to the petition should have been overruled.

REVERSED.