Statement.

## Richmond

### KABLER V. SPENCER'S ADMINISTRATOR.

#### March 13, 1913.

1. EQUITY JURISDICTION—*Lost Bonds.*—Courts of equity have jurisdiction to enforce payment of a lost bond, and although courts of law are given jurisdiction over such bonds by section 3377-a of the Code, it is well settled that courts of equity having once acquired jurisdiction never lose it because jurisdiction of the same matters is given to courts of law, unless the statute conferring such jurisdiction uses prohibitory or restrictive words.

2. PRINCIPAL AND SURETY—*Penal Bond—Liability of Surety.*—Where principal and surety enter into a penal bond with condition for the performance by the principal of the terms of a collateral agreement made by him and therein referred to, there may be a recovery on the bond against the principal and surety, although the covenants contained in the collateral agreement were made by the principal and another jointly, and each was responsible for the default of the other, and it was stipulated in the bond that the surety should not be liable for the default of such other.

3. EQUITY JURISDICTION—*Suit on Penal Bond—Code, Section 3494.*—The claim that a bond sued on does not constitute a contract, but simply provides for a penalty, is unavailing to oust a court of equity of jurisdiction in view of the statute providing that where the proceeding is upon a penal bond, with condition for the payment of money, the jurisdiction shall be determined as if the undertaking to pay such money had been without a penalty.—Code, section 3494.

Appeal from a decree of the Circuit Court of Buckingham county.   Decree for the defendants.   Complainant appeals.

*Reversed.*

The opinion states the case.

*Flood, Moon & Boatwright,* for the appellant.

*Hubard & Gayle,* for the appellees.

KEITH, P., delivered the opinion of the court.

H. G. Hebditch, as principal, and W. B. Spencer, as surety, entered into a bond in the sum of $1,000, by which they acknowledged themselves indebted to E. H. Kabler, but upon condition that the bond should be void "if the said H. G. Hebditch shall well and truly perform all of the provisions of the contract and the agreements entered into in the same on the 20th day of October, 1904, wherein the said H. G. Hebditch and R. F. Lewis purchased an interest in the business of E. H. Kabler & Co., and made certain other agreements therein mentioned in said written contract. But it is specifically agreed that this bond shall be for the purpose of indemnifying the said E. H. Kabler against the failure of the said H. G. Hebditch in the performance of the said contract, and is not in any way to be construed as an indemnity to the said E. H. Kabler for the failure of the said Lewis to perform or fulfil any part of the obligation involving upon the said Lewis by reason of the said contract without the fault of the said H. G. Hebditch." To this bond Hebditch and Spencer set their hands and seals on the 13th day of January, 1905.

The contract referred to in this bond was entered into on the 20th day of October, 1904, between Kabler, of the first part, and Hebditch and Lewis, of the second part, and in it Kabler, in consideration of the sum of $300, paid upon the delivery of the instrument, and the further consideration of the execution and delivery by the parties of the second part of a promissory note of even date for the sum of $6,300, payable in installments of $75 on the 15th of each month till paid in full, the first payment to be made on the 15th of December, 1904, contracted to sell and transfer to the parties of the second part "all rights, claims, interest in the general agency of the Michigan Mutual Life Insurance Company, of Detroit, Mich.,

for the district or territory of East Tennessee, with all the contracts now in force and with the profits therefrom, subject to the conditions and stipulations hereinafter stated, and said transfer to become operative on the 20th day of October, 1904." The style of the firm thus created was to be E. H. Kabler & Co., and it was agreed that the party of the first part should have a one-half interest "in the general agency of all new territory which the said firm shall receive control of as general agents for the Michigan Mutual Life Insurance Company within twelve months of the execution of this agreement, and thereafter to be entitled to one-half of the benefits and profits arising from said agency in said new territory." It is provided that "If at any time two successive monthly payments due first party shall remain unpaid for fifteen days after the second unpaid payment shall fall due, or the second parties shall breach any other conditions or provisions of this contract, thereupon the entire indebtedness shall become due and payable upon demand at the option of the first party, and in case second parties fail to make such payment all benefits and rights therein transferred shall revert to and be vested in the said first party, and further provisions binding first party shall be void"; that the party of the second part "agrees to execute a good and solvent bond in the sum of two thousand dollars, conditioned on the faithful performance by them of the provisions of this contract and renew the said bond if at any time the said bond shall become insolvent." The agreement sets out other conditions which are not deemed material to the questions under consideration.

Kabler filed his bill in the Circuit Court of Buckingham county, in which he set out the agreement above referred to and the bond entered into by Hebditch and Spencer, conditioned for the faithful performance of its provisions. The bill alleges that the bond had been lost and cannot be

produced, and states, on the face of the bill, that the plaintiff files therewith an affidavit in which the loss of the bond is set forth, but in point of fact no such affidavit was filed with the bill. The bill charges that neither Hebditch nor R. F. Lewis, since the execution of the bond, have performed the conditions of the contract, and that they have failed to pay to complainant the instalment parts of said $6,300 of $75.00 each, falling due on the 15th day of August, 1905, and the 15th day of each month thereafter, up to the institution of this suit, and that the said Hebditch and Lewis have since the execution and delivery of said bond wholly failed to perform and comply with the agreements which in said contract they agreed to perform; and that by reason of the failure to perform said contract on the part of said Hebditch the plaintiff has suffered and sustained losses and damages largely in excess of the $1,000 agreed to be paid to the complainant in the bond of indemnity hereinbefore referred to. Complainant further alleges that he, ever since the execution of the said contract of October 20, 1904, had been ready and willing to perform and has performed all of the agreements therein contained and agreed to be performed by him, and that he has not, on his part, defaulted in the performance of any of the agreements or provisions of said contract, and complainant has frequently, before the institution of this suit, called upon and demanded of the said Hebditch and Spencer that they should comply with and perform the obligations and agreements of said bond, but that Hebditch and Lewis have failed to comply with and perform the agreements of said contract, and Hebditch and Spencer have failed to perform and comply with the obligation and agreement of said bond. Complainant therefore prays that Hebditch and Spencer may be required to pay to complainant the full amount of said bond with interest thereon, that all proper accounts may be taken, and such

further relief may be granted as is adapted to the nature of his case and agreeable to equity and good conscience.

To this bill there was a demurrer—first, because the contract of October 20, 1904, referred to in the bill was one that was incapable of division, it being impossible to separate and segregate the duties and obligations of H. G. Hebditch from the duties and responsibilities of R. F. Lewis, and to say that either was in default without the fault of the other; second, because the plaintiff has a plain and adequate remedy at law; third, because the bill charges a joint breach by H. G. Hebditch and R. F. Lewis all the way through, while the bond shows that W. B. Spencer never agreed to indemnify against a joint breach; fourth, because the bill shows on its face that any damage that E. H. Kabler may have suffered was caused as much by the said R. F. Lewis as by the said H. G. Hebditch; fifth, because the said bond is so obtuse and uncertain as to what is meant thereby that the same is not enforcible because of uncertainty; sixth, because the alleged bond does not constitute a contract, but simply provides for a penalty.

The circuit court sustained the demurrer to the bill, but upon what ground does not appear from its decree, and thereupon an appeal was awarded by this court.

There is no doubt that a court of equity has jurisdiction to enforce payment of a lost bond. It is true that by section 3377-a of the Code, jurisdiction over lost bonds has been conferred upon courts of law; but it is well settled that "courts of equity having once acquired jurisdiction never lose it because jurisdiction of the same matters is given to courts of law, unless the statute conferring such jurisdiction uses prohibitory or restrictive words." *Filler* v. *Tyler,* 91 Va. 458, 22 S. E. 235; *Kerney's Admr.* v. *Kerchey's Heirs,* 6 Leigh (33 Va.) 478, 29 Am. Dec. 213; *Shields* v. *Com'th,* 4 Rand. (25 Va.) 541; *Vathir* v. *Zane,*

6 Gratt. (47 Va.) 246; *Thornton* v. *Stuart,* 7 Leigh (34 Va.) 128; *Lyttle* v. *Cozad,* 21 W. Va. 183.

The claim that the bond sued upon does not constitute a contract, but simply provides for a penalty, is also unavailing. Section 3494 provides that "Where the proceeding before a court or justice is on a penal bond, with condition for the payment of money, the jurisdiction shall be determined as if the undertaking to pay such money had been without a penalty."

It is true that Spencer, the surety, bound himself for the default of H. G. Hebditch in the performance of the contract referred to in the bond which he signed, and the terms of the bond exclude any obligation upon the part of Spencer to be bound for any amount growing out of the defalcation of Lewis by reason of the contract of the 20th of October, 1904. The bill does not seek to impose any such liability. Lewis is not even made a party to the bill, and the extent of his obligation cannot be adjudicated in this suit, and while the obligation of Lewis and of Hebditch under the contract of October 20, 1904, is joint and each becomes responsible for the default of the other, the liability of Spencer, which does not grow out of that contract, but out of the penal bond executed by him on the 13th of January, 1905, renders him responsible only for the failure of Hebditch in the performance of the contract of October 20, 1904. Whether either Hebditch or Lewis had been in default is a matter of proof, and unless it can be shown that Hebditch is in default no decree can be rendered either against him or his surety, and as against Spencer, the surety, in no event can the recovery be in excess of $1,000.

It is suggested in the brief for the appellee (1) that Spencer contracted to do an impossibility; (2) that there was a mutual mistake between Spencer and Kabler, and (3) that there is an uncertainty as to what was meant by the bond. We do not perceive upon what ground the

first proposition rests.   Assuming the averments of the bill to be true, the contract by which Hebditch bound himself and for the performance of which Spencer became his surety on the bond of January 13, 1905, presents no condition which can be considered impossible of performance; nor can we discover the uncertainty as to its meaning upon which appellee insists.   If there was a mutual mistake between Spencer and Kabler and their minds never met in agreement upon the terms of the contract, there is nothing upon the face of the bill to enable the court to say that such a mutual mistake occurred.   If there be any ground for such a defense, it can be set up in the answer and established by the proof.

For the present we are of the opinion that the demurrer to the bill should have been overruled, and the decree appealed from is, therefore, reversed.

*Reversed.*