THE FIRST NATIONAL BANK OF GAINESVILLE, A CORPORATION UNDER THE LAWS OF THE UNITED STATES, *Plaintiff in Error*, v. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF LAFAYETTE, STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 24, 1927.

Petition for Rehearing Denied March 1, 1927.

1. We find that the Legislature of Florida, pursuant to Constitutional authority, created a corporation, a Board of Public Instruction for the County, to supervise and to have the management of the public free schools within the county; that it authorized that corporation to possess and hold property in the county for educational purposes, to receive

and appropriate money for educational purposes and to borrow money at a rate of interest not to exceed 8% for the purpose of paying outstanding warrants and for the purpose of paying any and all legitimate expenses incurred in operating the schools of the county.

2. It is certain that this corporation may contract to buy schoolhouse sites; that it may enter into binding contracts for payment of the expenses incident to erecting schoolhouses; it may buy supplies and furniture for the schools, and, within the limitations prescribed, may borrow money. When either of such contingencies has occurred some person, firm or corporation has, unless payment as agreed upon shall have been made by the corporation, suffered loss and damage and injury in his goods, that is, has been denied the repayment of the money which was expended for the use of the corporation under a valid contract, and under these conditions such a one may look with confidence to Section 4 of the Declaration of Rights and be assured that he will find the doors of the courts open to hear and adjudicate his complaint.

3. The Board of Public Instruction of a county is a county instrumentality, a corporation organized to conduct certain affairs in that particular county, and occupies the status of a trustee for the purposes for which it is created as to county property and county funds.

4. There is no specific statute authorizing the Board of Public Instruction to sue and be sued, but when the Legislature created this Board a corporation and authorized it to contract, to borrow money, to create obligations and to deal as an entity with the business world within limitations prescribed, there are certain limited powers which flow to the corporation and limited obligations which rest upon the corporation as definitely and surely and as firmly as if the same had been specifically stated in Legislative enactment.

5. Although there is no specific statutory authority authorizing a Board of Public Instruction of a county to sue and be sued, such authority is implied by force of the existing statutes and that the legal contracts made and entered into

by the Board of Public Instruction of a county may be en-forced by suit.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Reversed.

*Hampton & Hampton,* for Plaintiff in Error;

*McCollum & Howell,* for Defendant in Error.

On Petition for Rehearing.

1. By statute in this State a personal suit at law is begun by filing a precipe, on which summons *ad respondendum* issues.

2. A motion that is confined to grounds to *quash the return* on a summons may be limited to a special appearance in the cause; but a motion to *quash the summons* on grounds that go to the merits of the action will operate as a general appearance in the cause, even though the declaration had not been filed when the motion to quash the summons was filed.

3. The statute provides that "it shall not be necessary to men-tion any form of action in any writ of summons issued from the courts of this State."

4. If a declaration states a matter for which the County Board of Public Instruction cannot be sued under the law, ap-propriate judicial action may be taken thereon.

5. The Constitution in Section 9, Article XII, provides that the county school fund shall be disbursed by the County Board of Public Instruction solely for the maintenance and support of public free schools.

6. Sections 441, 447, Revised General Statutes, 1920, provide for a Board of Public Instruction to consist of three mem-bers and constitute the Board a body corporate with au-thority to perform corporate acts "for educational purposes."

VOL. 93, JANUARY TERM, 1927.        185

First Nat'l Bank v. Board Public Instruction—Opinion of Court.

7. The law authorizes the County Board of Public Instruction to be sued in appropriate actions *ex contractu* upon obligations lawfully incurred the payment of which would not involve an unauthorized disbursement of the county school fund under Section 9, Article XII of the Constitution.

Rehearing denied.

*Hampton & Hampton,* for Plaintiff in Error;

*McCollum & Howell,* for Defendant in Error.

BUFORD, J.—In this case suit was brought by the plaintiff in error against the defendant in error in the Circuit Court of Lafayette County in an action at law claiming damages in the sum of $20,000.00.   Service of summons was made by the sheriff on the Chairman of the Board of Public Instruction of Lafayette County.   Special appearance was filed for the purpose of making motion to quash the sheriff's return and also for the purpose of making motion to quash the summons.   The motion to quash the sheriff's return was as follows:

''Comes now the above named Board of Public Instruction for the County of Lafayette, State of Florida, by its undersigned attorneys, and, pursuant to its Special Apperance herein filed herewith, and not otherwise, respectfully moves the Court to quash the return of the Sheriff of Lafayette County, Florida, upon the summons issued on June 22nd, 1925, in the above entitled cause; and as the grounds of this motion, the said Board assigns the following:

1.   Said return shows no valid or effectual service of said summons, sufficient in law to enable this Court to acquire jurisdiction of the corporate persons of the Board of Public Instruction for the County of Lafayette, State of Florida.

2.   Said return affirmatively shows that it was not served upon any officer, agent or employee of the said Board of

186    SUPREME COURT OF FLORIDA.

First Nat'l Bank v. Board Public Instruction—Opinion of Court.

Public Instruction for the County of Lafayette, State of Florida, service upon whom is binding in law upon the said Board.

3. Service of initial process in a suit in Florida can be and must be made only in pursuance of statutory provision therefor; and there is no statute of Florida authorizing or permitting service of a summons *ad respondendum* directed to a Board of Public Instruction to be served upon the Chairman of the said Board.''    ·

Motion to quash the summons was as follows:

''Comes now the above named Board of Public Instruction for the County of Lafayette, State of Florida, by its undersigned attorneys, and pursuant to its Special Appearance herein filed herewith, and not otherwise, respectfully moves the Court to quash the summons issued in the above entitled cause on the 22nd day of June, 1925; and as the grounds of this motion, the said Board assigns the following:

1. The right to sue a Governmental Agency of the State is dependent upon permissive legislation action in that behalf; and there is no Statute in Florida authorizing or permitting suit to be brought against a County Board of Public Instruction.

2. Under the Constitution and Laws of Florida, School funds of a County, under the jurisdiction and control of the County Board of Public Instruction for such county are required to be expended only for the maintenance and support of free public schools within the County; and the record in the above entitled cause does not show that the Twenty Thousand ($20,000.00) Dollars damages claimed by the plaintiff against the Board of Public Instruction for the County of Lafayette, State of Florida, is necessarily referable to or connected with the maintenance and support of free public schools within Lafayette County.''

We hold that under the authority of the opinions in the case of Scarlett v. Hicks, 13 Fla. 326; Oppenheimer v. Guckenheimer, 34 Fla. 13, 15, Sou. 670; Dudley & Jennings v. White, 44 Fla. 264, 31 Sou. 830; Ray v. Trice, Receiver, 48 Fla. 297, 37 Sou. 582, by the filing of the motion to quash the summons the defendant in effect entered a general apperance and thereby waived the necessity of any further service than that which had been perfected. Otherwise, the order of the Court sustaining the motion to quash the return made by the sheriff would be sustained upon the ground that as there is no statute providing the method for making service of process on the Board of Public Instruction of a county, service of such process should be made upon each member of such Board. Motion to quash summons was granted and the case dismissed at the cost of the plaintiff, from which judgment writ of error was sued out.

There were six assignments of error, all of which are addressed to the action of the Court in sustaining the motion to quash the return of the sheriff and the motion to quash the summons. The question as to the action of the Court in granting the motion to quash the return of the sheriff may be considered disposed of by what has been already said in regard thereto. The only other question which this Court is now asked to determine is whether or not suit may be maintained in this State against a Board of Public Instruction of a County.

Section 4 of the Declaration of Rights of the Constitution of Florida provides:

"All Courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

Section 1, Article 12, of the Constitution of the State of Florida provides:

"The legislature shall provide for a uniform system of public free schools, and shall provide for the liberal maintenance of the same."

The legislature of the State of Florida, pursuant to this mandate of the Constitution, provides for a Board of Public Instruction for each County in the State. Section 441, Revised General Statutes of Florida, provides that such Board shall consist of not more than three members.

Section 447 constitutes each of such Board a Body Corporate by the name of the Board of Public Instruction for the County of ————, State of Florida, and provides that in that name it may acquire and hold real and personal property, receive bequests and donations and perform other corporate acts for educational purposes.

· Section 454 authorizes such Board to obtain possession of, accept and hold under proper title as a corporation all property possessed, acquired or held by the County for educational purposes and to manage and dispose of same for the best interests of education, it being provided that such authority should not prevent special tax school districts from holding school property.

Section 458 provides, in part:

"That when there is no money in the county school fund applicable to the payment of outstanding school warrants issued by any County Board of Public Instruction in this State, the County Boards of Public Instruction of the several counties in this State are hereby authorized and empowered to borrow money at a rate of interest not to exceed eight per cent per annum, for the purpose of paying all such outstanding warrants, and for the further purpose of paying any and all legitimate expenses incurred in operating the schools of said county."

Thus it is we find that the Legislature of Florida, pursuant to constitutional authority created a corporation, a Board of Public Instruction for the County to supervise and to have the management of the public free schools within the county; that it authorized that corporation to possess and hold property in the County for educational purposes, to receive and appropriate money for educational purposes and to borrow money at a rate of interest not to exceed 8 per cent for the purpose of paying outstanding warrants and for the purpose of paying any and all legitimate expenses incurred in operating the schools of the County. There are certain restrictions and limitations placed upon the borrowing capacity of such corporations, but these questions are not yet raised in the present case. It is certain that this corporation may contract to buy school house sites; that it may enter into binding contracts for payment of the expenses incident to erecting school houses; it may buy supplies and furniture for the schools and, within the limitations prescribed, may borrow money. When either of such contingencies has occurred some person, firm or corporation has, unless payment as agreed upon shall have been made by the corporation, suffered loss and damage and injury in his goods, that is, has been denied the repayment of the money which was expended for the use of the corporation under a valid contract and under these conditions such a one may look with confidence to Section 4 of the Declaration of Rights and be assured that he will find the doors of the Courts open to hear and adjudicate his complaint.

It has been strenuously argued in this case that no suit will lie against a Board of Public Instruction of a County, because there is no specific legislative authority authorizing such Board to sue and be sued. It is contended that the Board of Public Instruction of the County is merely a

branch of the Sovereignty of the State itself. We take the contrary view. The Board of Public Instruction of a county is a county instrumentality, a corporation organized to conduct certain affairs in that particular county, and occupies the status of a trustee for the purposes for which it is created as to county property and county funds. There is no specific statute authorizing the Board of Public Instruction to sue and be sued, but when the Legislature created this Board a corporation, and authorized it to contract, to borrow money, to create obligations and to deal as an entity with the business world within limitations prescribed, there are certain implied powers which flow to the corporation and implied obligations which rest upon the corporation as definitely and surely and as firmly as if the same had been specifically stated in Legislative enactment. It is undoubtedly true that legal contracts entered into with the Board of Public Instruction of a County may be enforced by the Board. Then it follows as surely as the night follows the day that such contracts being enforcible by the Board upon its part, are enforcible against the Board by the other party to the contract.

In the case of McLoud v. Selby, 10 Conn. 390, 27 American Decision 689, where the question of authority to maintain suit against a school district was involved, the Court say :

"It may here be remarked, that the only principle in-volved in these cases is, that a *quasi* corporation is not liable, at common law, for the mere neglect of a corporate duty. But it does not, therefore follow that no action lies against them, unless it be given by statute. Let it once be admitted (as, indeed, it must be admitted) that these corporations have the power to make contracts, and there is an end of the question. For it surely, would be a flagrant departure from all principle, to hold, that such contracts

could not be enforced against them. A mechanic builds a school house, in pursuance of a contract entered into with the school district. Could it be endured, that he might not sue on that contract, because an action was not given by the statute?''

and held:

''It need only be added, that it has been the uniform practice in this State, for individuals to enforce these contracts, by suits at common law, against these *quasi* corporations: *Whitney* v. Brooklyn, 5 Conn. 405.''

In the case of Dr. John Hopkins v. Clemson Agricultural College, U. S. Supreme Court Reports, 55 Law Edition, 890, Mr. Justice Lamar, speaking for the Court said:

''Undoubtedly, counties, cities, townships and similar bodies politic often have a defense which relieves them from responsibility where a private corporation would be liable. But they must at least make that defense. They can not rely on freedom from accountability as could a state.''

In the case of Askew v. Hale County, 54 Ala. 639, Mr. Chief Justic Brickell, speaking for the Court, said:

''Counties are necessarily invested with some corporate functions and as to these, each county is without statutory declaration, a *quasi* corporation. There are many definitions of a corporation, more or less expressive; the essence of all is that it is a legal or artificial person, with prescribed powers, having a capacity of succession, or of duration, without regard to the changes in its membership. The capacity of suit is one of the essential and ordinary incidents to a corporation. Conferring the capacity expressly in the act of incorporation, is declaratory only of that which the law would have implied. The statute can not, therefore, be construed as changing the character of a county, or enlarging its liability to suit. It is a *quasi* corporation, in the exercise of its corporate powers—and a governmental

auxiliary, in the exercise of the governmental powers entrusted to it.''

We consider the above quoted language applicable to the case under consideration and hold that, although there is no specific statutory authority authorizing a Board of Public Instruction of a County to sue and be sued, such authority is implied by force of the existing statutes and that the legal contracts made and entered into by the Board of Public Instruction of a County may be enforced by suit

Therefore, the judgment is reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion.

ELLIS, C. J., dissents.

PER CURIAM.—By statute in this State a personal suit at law is begun by filing a praecipe, on which summons *ad respondendum* issues. Section 2589, Revised General Statutes 1920; Carson's Florida Common Law Pleading, pp. 41, 82. A motion that is confined to grounds to *quash the return* on a summons may be limited to a special appearance in the cause; but a motion to *quash the summons* on grounds that go to the merits of the action as in this case will operate as a general appearance in the cause, even though the declaration had not been filed when the motion to quash the summons was filed. The statute provides that ''it shall not be necessary to mention any form of action in any writ of summons issued from the Courts of this State.'' Section 2591, Revised General Statutes, 1920. If the declaration states a matter for which the Board cannot be sued under the law, appropriate judicial action may be taken thereon.

The Constitution in Section 9, Article XII, provides that the county school fund shall be disbursed by the County Board of Public Instruction solely for the maintenance and support of public free schools. Sections 441, 447, Revised General Statutes, 1920, provide for a Board of Public Instruction to consist of three members and constitute the board a body corporate with authority to perform corporate acts "for educational purposes." The holding is that, considering all the provisions of law on the authority and duties of such board, the law authorizes the County Board of Public Instruction to be sued in appropriate actions *ex contractu* upon obligations lawfully incurred the payment of which would not involve an unauthorized disbursement of the county school fund under Section 9, Article XII of the Constitution.

Rehearing denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion.

ELLIS, C. J., dissents.