COUNCIL BLUFFS SAVINGS BANK, Appellee, v. POTTAWATTAMIE COUNTY, Appellant; J. M. FERGUSON, Intervener.

No. 42343.

OCTOBER 4, 1933.

Robert B. Organ, for appellant.

Roy M. Harrop, for intervener.

Kimball, Peterson, Smith & Peterson, for appellee.

CLAUSSEN, J.—This action was brought at law by plaintiff, a bank in Council Bluffs, Iowa, against Pottawattamie county to recover judgment for the amount due on warrants of the defendant county held by plaintiff bank. Intervener alleges that he is a tax-

payer of defendant county and asks that plaintiff's petition be dismissed for reasons hereinafter indicated. The case was submitted to the trial court upon stipulated facts, and the petition of intervention was dismissed and judgment entered against the defendant county for an amount not in dispute. From such judgment the defendant and intervener each appeal.

Concerning the genuineness and validity of the warrants, and the title of the bank to the same, there is no question. It was stipulated and agreed that the warrants represented expenditures for the benefit of persons entitled to receive help from public funds. The warrants had been presented to the county treasurer for payment and had been stamped not paid as required by law and none of the warrants had been called for payment. It is not contended that funds were available in the hands of the county treasurer for the payment of any of the warrants.

Intervener's contention is that the warrants were drawn on the "poor fund", that the warrants were payable only out of the "poor fund", and that judgment cannot be entered against the county on the warrants until it is shown that there is money in the "poor fund" to pay the warrants. It is intervener's thought that the situation in relation to expenses incurred in the relief of the needy is the same as exists in the case of the cost of local improvements which are to be paid out of a fund created by special assessment or some other manner by the body ordering the construction of the improvement, in which it is quite generally held that there is no general liability beyond the fund thus created. He urges that the law has provided a fund out of which the expense of "poor relief" shall be paid, and that when the fund thus created is exhausted the limit of the liability of the county has been reached, and as a consequence that judgment may only be rendered against the county when funds are available for the payment of such expense.

In that intervener's whole contention is based upon the thought that a "fund" has been created for the payment of such expense, it may be well to ascertain whether his fundamental assumption is sustained by the law.

It is provided by Code section 5320, that the township trustees *shall* provide for the relief of such poor persons, in their respective townships, as should not be sent to the county home, and by Code section 5321, that overseers of the poor shall have in their respective territories the duties of township trustees. Code section 5326

provides that the expense of poor relief shall be paid out of the county treasury, and section 5337 directs that the expense of supporting the poor shall be paid out of the county treasury "in the same manner as other disbursements for county purposes," and in case the ordinary revenue of the county proves insufficient for the support of the poor the board may levy a poor tax not exceeding 3 mills on the dollar.

It will be observed that the law imposes a duty to relieve the poor and provides that the expense of such relief shall be paid out of the county treasury the same as other disbursements for county purposes. If the ordinary revenue is not sufficient for the support of the poor, the board may then levy a poor tax not exceeding 3 mills on the dollar. The law does not create a "fund" out of which the expense of poor relief must be paid in the sense contended for by intervener.

Underlying intervener's contention is the thought that the county must keep within its current revenues in its actual expenditures for relief of the poor. An examination of the various acts of the legislature restricting the expenditure of money and incurring of indebtedness by counties does not bear out intervener's thought. By Code, section 5258, counties are prohibited generally from incurring expense beyond current receipts; but under section 5259 such restriction is not applicable to "expenditures for the benefit of any person entitled to receive help from public funds." It is provided by section 5275 of the Code that when the outstanding indebtedness of a county on the first of January, April, June, or September in any year exceeds the sum of $5,000 the board of supervisors may fund or refund the same and issue bonds therefor. These acts of the legislature are clearly inconsistent with intervener's contentions.

This brings us to the question whether the bank may have the liability of the county upon the warrants determined and established by an action of law. Under Code, section 5124, an action cannot be brought upon an *unliquidated* claim against the county until the claim has been filed and payment refused or neglected. The present demands are *liquidated* and their payment has been neglected. We know of no reason why the liability of the county upon the warrants should not be established by the judgment of a competent court. Mills County National Bank v. Mills County, 67 Iowa 697, 25 N. W. 884. With the question of the enforcement of the judgment we are not now concerned.

1126

We reach the conclusion that the judgment of the trial court should be affirmed.

Motions to dismiss the appeals of defendant and intervener were submitted with the case. In view of the conclusions above set forth the motions to dismiss are overruled.

The judgment of the trial court is affirmed.

By reason of urgent public interest in the prompt determination of the matters involved herein, it is. ordered that procedendo issue hereon forthwith.—Affirmed.

ALBERT, C. J. and STEVENS, EVANS, ANDERSON, KINDIG, and DONEGAN, JJ., concur.