(No. 6937    March 10, 1942)

SUDLER, WEGENER & COMPANY, INC., a corporation, Respondent, v. HILLSDALE IRRIGATION DISTRICT, a quasi-municipal corporation; SIDNEY BYRAM, President of Hillsdale Irrigation District; SAMUEL E. VANCE, JR., Secretary of Hillsdale Irrigation District; and all of the unknown owners or claimants of bonds numbered 84, 137 and 265 of the First Issue and First Series Bonds of Hillsdale Irrigation District, dated January 1, 1921, Appellants.

(123 Pac. (2d) 420)

J. B. Eldridge for appellants.

Ralph R. Breshears for respondent.

HOLDEN, J.—On or about October 1, 1924, the Hillsdale Irrigation District issued 296 six per cent bonds called First Issue and First Series of Bonds of Hillsdale Irrigation District. All were dated January 1, 1921. These bonds were each of $1000 denomination with interest coupons attached thereto, payable semi-annually January 1 and July 1, the final coupon on each bond being for three months' interest and falling due October 1, in the year in which the bond matured. Three of these bonds, Nos. 84, 137 and 265, are the subject of this action.

Bond No. 84, due October 1, 1939, was purchased by Ferd Werner; Bond No. 137, due October 1, 1941, was purchased by C. F. Maasch; Bond No. 265, due October 1, 1944, was purchased by Otto Maasch. Werner and the Maasches are all residents of the State of Minnesota. The bonds were left for safekeeping in the Vesta State Bank of Vesta, Minnesota, from which they were stolen in March, 1931. August 17, 1931, three indemnity bonds in the sum of $2000 each were executed by Ferd Werner, C. F. Maasch and Otto Maasch, respectively, with the National Surety Company of New York as surety. These indemnity bonds were accepted by the Hillsdale Irrigation District and certificates of ownership were issued by the District to Werner and the Maasches for lost bonds Nos. 84, 137 and 265, and interest was regularly paid on them up to and including January 1, 1936. Thereafter, the National Surety Company having become insolvent, no further payments of principal or interest on such bonds were made by the Hillsdale Irrigation District.

January 12, 1940, the reorganized National Surety Company, to-wit, the National Surety Corporation, joined by Ferd Werner, the two Maasches and George A. Barnes, their attorney, issued three indemnity bonds in the sum of $2000 each, by which Hillsdale Irrigation District, as

obligee, was indemnified against all loss, cost or expense as a result of any past or future payments of interest or principal due under the terms of the District's bonds made or to be made by the District to the said Werner and the said Maasches or their or either of their heirs, successors or assigns. These bonds were tendered to and rejected by the District. January 26, 1940, Barnes, acting pursuant to and under power of attorney theretofore executed to him, sold all the right, title and interest of Werner and the Maasches in or to the District's said bonds to plaintiff Sudler, Wegener & Company, Incorporated. January 31, 1940, Sudler, Wegener & Company tendered the last above mentioned indemnity bonds to the District and made demand for payment of principal and interest on bond No. 84, and for accrued interest due on bonds Nos. 137 and 265. Thereafter, to-wit, March 21, 1940, the District having failed to make payment as demanded, this suit was commenced. The cause was tried December 27, 1940. March 14, 1941, findings of fact and conclusions of law in favor of plaintiff and respondent, Sudler, Wegener & Company, and against appellants, were made and filed, and judgment thereon entered March 19, 1941, from which the District and its officers appeal.

In substance the record shows: the issuance by the Hillsdale Irrigation District of its six per cent bonds denominated First Issue and First Series, all dated January 1, 1921, including bonds numbered 84, 137 and 265 in the principal sum of $1000 each; the purchase of these bonds by Ferd Werner, C. F. Maasch and Otto Maasch, respectively; the theft of these bonds while in a Minnesota bank where they had been placed by the owners for safekeeping, and the assignment of the instruments by Werner and the Maasches, respectively, to Sudler, Wegener & Company.

It must be conceded the theft of these bonds could not operate to deprive Werner and the Maasches of ownership or to extinguish or satisfy the indebtedness the instruments evidenced. Hence, the question arises as to whether, in these circumstances, a court of equity has jurisdiction to grant appropriate relief. In his excellent

work, Pomeroy's Equity Jurisprudence, Fifth Edition, Volume 3, page 267, the author says:

"It has long been settled that courts of equity have jurisdiction of suits brought to recover the amount due on lost bonds and other sealed instruments. The original grounds of this jurisdiction were two. In the first place, by the common-law pleading and procedure, *profert* of the sealed instrument was necessary in an action at law thereon; and as no *profert* was possible when the writing was lost, the action could not be maintained. *Profert* was never necessary in a suit in equity. In the second place, the court of equity could require an indemnity from the plaintiff, and could by its decree adjust the rights of the two litigants, by securing and indemnifying the defendant against all further liability and harm—a power which was not possessed by the courts of law. In order to protect the defendant in this manner, the rule became settled that in all suits praying for relief, and not *merely* for a discovery—that is, in all suits where a recovery of the amount due was sought—the plaintiff must make an affidavit of the loss accompanying his bill of complaint, and must offer indemnity. The fact that the common law requisite of a *profert* has long been abolished, and that actions at law may now be maintained on sealed instruments, has not theoretically affected the equitable jurisdiction."

Bancroft's Code Practice & Remedies, Volume 5, page 4970, paragraph 3697, states the rule as follows:

"It is an old and well-established function of courts of equity to compel the execution of a new instrument when an instrument has been lost, mislaid or accidentally destroyed, and cannot after diligent search be found. While statutes in some states expressly provide for the restoration of certain kinds of instruments and records, yet it is established that the jurisdictions of courts of equity to restore lost and destroyed instruments is not impaired by the passage of such statutes, unless a contrary intent appears, and a complaint, though insufficient under the statute, may be upheld as a bill in equity. In so far as this jurisdiction is concerned, no distinction is made between public records and private instruments; and while the

jurisdiction to restore lost instruments has usually been invoked in cases of lost or destroyed deeds, it has also been exercised in the cases of other lost or destroyed instruments, such as bonds."

See, also, *Brown v. Anderson-Cottonwood Irrigation Dist.* (Cal.) 190 P. 797; *Atkins Corporation v. Tourny,* 57 P. 2d 480; *Chesapeake & Ohio Canal Co. v. Blair,* 45 Md. 102; *New Orleans, Jackson & Great Northern Ry. v. Mississippi College,* 47 Miss. 560; In Re Ellard, 114 N. Y. S. 827; *Kabler v. Spencer's Admn.,* 77 S. E. 504; 38 C. J., pages 253, 254, 255, 256, paragraphs 11, 12 and 13.

Unquestionably, then, a court of equity has jurisdiction to grant relief, but only, however, upon the condition that full and secure indemnity shall be given the District against all risk. In the case at bar it appears the indemnity bonds executed January 12, 1940, by Werner and the Maasches and later filed with the clerk of the court, were not countersigned by F. G. Ensign, resident agent of the National Surety Corporation, at any time prior to or during the trial of this cause, although these bonds were later, and after the trial, countersigned by such resident agent. It further appears that Sudler, Wegener & Company, the party seeking relief here, did not, itself, undertake to indemnify the defendant District against loss—that plaintiff, Sudler, Wegener & Company, relied upon the indemnity bonds executed by its assignors, Werner and the Maasches. The latter are not parties to this suit and are not seeking any relief whatever. Consequently, the trial court would be without jurisdiction to require them to give an indemnifying bond. Sudler, Wegener & Company is the party seeking relief; hence, that company must supply the required indemnifying bond. The bond must be in twice the amount of the stolen bonds, respectively, including accrued interest and interest which will accrue to date of maturity, as well as an adequate amount to cover reasonable and necessary expenses incurred in litigation in the event actions to recover on the stolen bonds should later be prosecuted.

Having reached the conclusion a court of equity has jurisdiction of a suit of this nature, which is the con-

trolling, decisive question here, it becomes unnecessary to discuss or determine other questions raised by appellants. However, there is another matter requiring attention. The trial court "ordered, adjudged and decreed that the plaintiff do have execution against the defendants." In an action of this nature, the property of public corporations and quasi-public corporations is not subject to execution. This exemption rests on considerations of public policy. Appellant Hillsdale Irrigation District being a quasi-public corporation, the judgment of the trial court, insofar as it orders that the plaintiff have execution against the District, must be reversed. Otherwise, the judgment is affirmed and the cause remanded for further proceedings in harmony with the views expressed in this opinion. The taxable costs will be divided equally between the parties.

Givens, C. J., Budge, and Ailshie, JJ., concur.

Morgan, J., deeming himself to be disqualified, did not sit with the court nor participate in the decision.