(Nos. 7028 and 7029. October 7, 1942.)

A. W. TINGWALL, Respondent, v. KING HILL IRRIGATION DISTRICT, a corporation, Appellant.

EMMA ROSETTA DUFFY, Respondent, v. KING HILL IRRIGATION DISTRICT, a corporation, Appellant.

[129 Pac. (2d) 898.]

Rehearing denied October 26, 1942.

Eugene H. Anderson and Charles F. Reddoch for appellants.

James and James for respondents.

HOLDEN, J.—May 13, 1926, the Tingwall Stores Company, a corporation, recovered a judgment against the King Hill Irrigation District for the sum of $5,579.12. May 5, 1932, A. W. Tingwall, to whom the judgment had been assigned, commenced an action against the district to revive or renew the judgment. Summons thereupon issued and later, and on the 17th day of May, 1932, was served upon the King Hill Irrigation District by delivering to and leaving with ·its President and Secretary, respectively, a copy of the summons together with a copy of the complaint. September 12, 1932, the district, having failed to appear or answer, its default was entered. September 19, 1932, judgment was entered in favor of Tingwall and against the district for the sum of $8,052.52. December 13, 1941, the district filed a motion in the action in which the judgment was recovered to set it aside. The motion was heard December 27, 1941 and denied January 12, 1942. March 6, 1942, the district prosecuted an appeal from the order to this court.

In the case of Emma Rosetta Duffy against the district, it appears that March 29, 1931, a judgment was rendered in favor of her husband, R. R. Duffy, against the district

for the sum of $3,401.17, and that following the rendition and entry of the judgment, Duffy died, and that thereafter, in appropriate proceedings, the judgment was decreed to his widow, Emma Rosetta Duffy. May 17, 1937, she commenced an action to revive or renew the judgment. Upon the filing of the complaint, summons issued and service was made on the district by delivering to and leaving with its president, a copy of the summons, together with a copy of the complaint. January 8, 1937, the District, having failed to appear or answer, its default was entered. June 14, 1937, judgment was entered in favor of Emma Rosetta Duffy against the district for the sum of $4,847.40. December 13, 1941, the district moved to vacate the Duffy judgment. January 12, 1942, the motion was denied. March 6, 1942, the district appealed to this court from the order denying its motion.

The question presented on these appeals being identical, the cases, by stipulation of the parties and an order of this court, were consolidated.

The single, decisive question presented for determination here, is: In serving an irrigation district with process, must the process, in order to give the court jurisdiction of the district, be delivered to and left with the individual members of the board; or must the process be served upon the president or secretary of the district? The answer to that question depends upon the construction of the pertinent provisions of sec. 5-507, I.C.A. They are:

"The summons must be served by delivering a copy thereof as follows:

1. If the suit is against *a corporation formed under the laws of this state,* to the president or other head of the corporation, secretary, cashier or managing agent thereof: provided, that if such president, secretary, cashier or managing agent shall all have moved from or ceased to be a resident of, or be absent from the state, or their names can not be ascertained by the sheriff or other person seeking to procure service, then service may be made by delivering a copy of the summons and copy of the complaint to the auditor of the county in which the principal place of business of such corporation is located according to its articles of incorporation, in the manner and with the same effect as though such service had been made upon any of the above officers or agents of such company." (Emphasis ours.)

That process must be delivered to and left with the president, secretary, cashier or managing agent of *corporations* formed under the laws of this state, in a suit against any such corporation, must be conceded, because it is so expressly provided and required in language free from doubt or ambiguity. But it is insisted that "an Irrigation District is not a corporation within the meaning of subd. 1, sec. 5-507, I.C.A.", and that "service of process in each case involved herein was made contrary to the mandatory provisions of I.C.A., sec. 5-507, and conferred no jurisdiction upon the court."

If an irrigation district is a *corporation*, it must necessarily follow that service must be made upon it as required by subd. 1 of sec. 5-507, supra, in that such subdivision applies to and covers *all* corporations formed under the laws of this state, without a single exception. Therefore, is an irrigation district a corporation?

An examination discloses that many definitions of irrigation districts have been given and made by this court. An irrigation district has been defined to be, for instance, "quasi-public corporation", "quasi-public or municipal corporation", "quasi-municipal corporation", and a "municipal corporation". In *Lewiston Orchards Irr. Dist. v. Gilmore,* 53 Ida. 377, 23 P. (2d) 720, the Idaho cases defining irrigation districts are reviewed and discussed at great length. At the conclusion of the re-examination of the cases it was held that "the primary purpose of an irrigation district is limited to the conducting of its business for the private benefit of the land owners within the district by the acquisition of water rights and the irrigation of lands within its boundaries; and that the land owners within the district *are* the *members* of the *corporation,* control its affairs, and are primarily benefitted by its operations." (Emphasis ours.)

By way of emphasizing the view that an irrigation district *is* a *corporation* and that the land owners *are members,* this court then said that "its primary purpose is the acquisition and operation of an irrigation system as a business enterprise for the benefit of land owners within the district, such property being held in trust for them in a proprietary capacity, while secondarily and incidentally, certain municipal powers have been conferred for its government and regulation, and when this is borne in mind, any seeming confusion in or conflict with the authorities holding that an irrigation district is a municipal or quasi-municipal

corporation within the meaning of certain statutes and constitutional provisions disappear." (Emphasis ours.)

It will be noted it was expressly held that an irrigation district *is a corporation;* that the land owners are members; and that the primary purpose of a district "is the *acquisition* and *operation* of an irrigation system *as a business enterprise* for the benefit of land owners within the district, such property being held in trust for them *in a proprietary capacity, while secondarily and incidentally,* certain municipal powers have been conferred for its government and regulation", and that "when this is borne in mind, any seeming confusion" of the cases "disappear". (Emphasis ours.) If, as held in *Lewiston Orchards Irr. Dist. v. Gilmore,* supra, the primary purpose of an irrigation district is to *acquire* and *operate* an irrigation system *as a business enterprise for the benefit of land owners* (just as purely private corporations are organized for the benefit of stockholders), it follows that "while secondarily and incidentally, certain municipal powers have been conferred (upon it) for its government and regulation", it is, when acting in its private capacity as a business enterprise, primarily, and insofar at least as the service of process is concerned, a private corporation. Furthermore, in both the Tingwall and Duffy cases, the King Hill Irrigation District was sued in its private and proprietary, rather than in a governmental, capacity.

Appellant contends, however, "that subd. 7 of I.C.A., sec. 5-507, is the applicable subdivision under which irrigation districts must be served and brought into court, and there being no particular officer designated by statute upon whom service may be made, then it follows as a matter of law that the governing authority of the district should be served, which is its board of directors".

That section (subd. 1) provides for service upon corporations formed under the laws of this state; upon (subd. 2) a foreign corporation or a non-resident joint stock company or association doing business and having a managing or business agent, cashier, or secretary within the state; upon (subd. 3) a foreign corporation, non-resident joint stock company or association which has not designated any person actually residing in the county in which said corporation or joint stock company shall be doing business in the state, upon whom process can be served; upon (subd. 4) minors under the age of 14 years residing within the state;

upon (subd. 5) a person residing within the state who has been judicially declared to be of unsound mind; upon (subd. 6) a county, city, or village. Having provided for service upon corporations formed under the laws of this state, foreign corporations, joint stock companies and associations, minors under the age of 14 years, persons of unsound mind, counties, cities and villages, but not having provided for service of process upon adult, natural persons of sound mind, it is then and finally provided:

(Subd. 7.) "In all other cases to the defendant personally."

Moreover, as to the interpretation of subd. 7 itself, standing alone, one may, we submit, scrutinize that subdivision ever so closely without finding any hint of or reference to irrigation districts or to members of the board of directors of an irrigation district.

In support of the contention that in making service upon an irrigation district the members of the board of directors must be served personally, appellant says:

"We have been unable to find a case involving the question of service upon an instrumentality of the character hereinbefore mentioned [referring to an irrigation district], and the nearest approach to it is that of school districts or corporate school boards, and no direction is found in the statute with respect to service. In 56 C. J., sec. 948, p. 789, among other things, it is said:

"Where the suit is against a corporate school board, and there is no statute governing the matter (in Idaho there is, as hereinbefore pointed out), process should be served upon each member of the board in his official capacity."

Three cases are cited in the footnote in support of the above-quoted proposition, to-wit: *First Nat. Bank v. Board of Public Instruction,* 93 Fla. 182, 111 So. 521; *Rogers v. The People, ex rel.,* 68 Ill. 154; and *Reynolds v. Foster,* 123 N.Y.S. 273. In *First Nat. Bank v. Board of Public Instruction,* supra, the court simply passed upon the question as to when a motion to quash the return on a summons would operate as a general appearance. In *Rogers v. People,* ex rel, supra, the court held that "service upon those who were directors at the time [referring to the incorporation of a certain school district, with other school districts] the new organization was made, will be good service." In *Reynolds v. Foster,* supra, it appears that Reynolds commenced an

action against two individual members of the board of Union Free School District No. 21, to recover for services alleged to have been rendered the school district under a teacher's contract. The school district was not made a party defendant, nor did it appear or answer. Service of summons was made upon two of the three members of the school board—the two who were made defendants. It was held that such service would not give the trial court jurisdiction of the school district. It is apparent none of these cases support appellant's contention. However, here, we are not passing upon the sufficiency of service upon any district other than an irrigation district.

It follows the orders appealed from must be, and they are, hereby affirmed, with costs to respondents.

Givens, C.J., and Budge, Morgan and Ailshie, JJ., concur.