(No. 7156.   January 24, 1945.)

A. W. TINGWALL, Respondent, v. KING HILL IRRIGA-
TION DISTRICT, Appellant.

[155 Pac. (2d) 605.]

E. H. Anderson and Charles F. Reddoch for appellant.

A. F. James and Edwin Snow for respondent.

BUDGE, J.—In the years 1920 and 1921 appellant, King Hill Irrigation District, issued certain warrants for labor and other services in connection with the maintenance and operation of its irrigation system, which were acquired by the Tingwall Stores Company. Thereafter on April 13, 1926, Tingwall Stores Company filed a suit in the district court of Elmore county to recover a judgment on said warrants. May 13, 1926, judgment against the King Hill Irrigation District on the warrants was entered. Sometime after the rendition of the judgment, A. W. Tingwall, respondent, became the owner of said judgment, and on September 12, 1932, obtained a judgment in the district court of Elmore county in renewal of the judgment of May 13, 1926. August 24, 1938, A. W. Tingwall filed the present action to renew the judgment of September 12, 1932.

No defenses were interposed to the taking of the first or second judgments. In the present action to renew the second judgment appellant interposed certain defenses, hereinafter referred to.

The trial court held that all defenses interposed were without merit, entered a renewal judgment on May 8, 1943, from which judgment this appeal is prosecuted.

It is not controverted that appellant is an irrigation district organized under the laws of this state, and owns and operates an irrigation system. It is well settled in this jurisdiction that an irrigation district is not, strictly speaking, a municipal corporation, but a quasi-municipal corporation operating its irrigation system in a proprietary capacity, and such municipal powers as it may have are only secondary or incidental. (*Lewiston Orchards Irr. Dist. v. Gilmore*, 53 Ida. 377, 23 P. (2d) 720; *Eldridge v. Black Canyon Irr. Dist.*, 55 Ida. 443, 43 P. (2d) 1052; *Sudler, Wegener & Co. v. Hillsdale Irr. Dist.*, 63 Ida. 546, 123 P. (2d) 420; *Tingwall & Duffy v. King Hill Irr. Dist.*, 64 Ida. 207, 129 P. (2d) 898.)

In *American Falls Reservoir Dist. v. Thrall*, 39 Ida. 105, 228 P. 236, it was held that assessments levied against land in an irrigation district constituted a general obligation of the district.

It is urged by appellant that no action for money judgment was ever maintainable on the warrants issued in 1920 and 1921, and acquired by respondent, that the only remedy at any time available to the warrant-holder was a proceeding for writ of mandate against the proper officers of the district to compel levies for the payment of such warrants.

In our opinion the above contention cannot be sustained.

The warrants here in question were general obligations of the appellant Irrigation District. (*American Falls Reservoir Dist. v. Thrall*, supra.) The holder of the warrants had two remedies, first, an action at law against the corporation to reduce the warrants to a money judgment or, second, mandamus against the fiscal officers of the irrigation district to compel a levy against all the land within the district to satisfy the warrants. (44 C.J. p. 1175, sec. 4137; *Walnut Township v. Jordan* (Kan.), 16 P. 812; *Travelers' Ins. Co. v. Denver* (Colo.), 18 P. 556; *Goldsmith v. Baker City* (Ore.), 49 P. 973; *Frankl v. Bailey* (Ore.), 50 P. 186; *Smith v. Polk County* (Ore.), 112 P. 715; *Cleveland Nat'l Bank v. Bd. of Education* (Okla.), 179 P. 464; *Farwell v. San Jacinto Etc. Irr. Dist.* (Cal.), 192 P. 1034; *People v. Honey Lake Valley Irr. Dist.* (Cal.), 246 P. 819; *Heffleman v. Pennington County* (S.D.), 52 N.W.851; *Mills County Nat. Bank v. Mills County* (Ia.), 25 N.W. 884; *Grand Lodge v. City of Bottineau* (N.D.), 227 N.W. 363; *Council Bluffs Sav. Bank v. Pottawattamie* (Ia.), 250 N.W. 233; *Western Surety Co. v. Mellette County* (S.D.), 257 N.W. 461; *Wittbold & Co. v. City of Chicago Heights* (Ill.), 13 N.E. (2d) 825; *International Bank of St. Louis v. Franklin County* (Mo.), 27 Am. Rep. 261.)

A defense that one's sole remedy on unpaid municipal bonds is mandamus to compel an assessment comes too late after the bonds have been placed in judgment. (*Hammond v. Place* (Mich.), 74 N.W. 1002.)

Having reached the conclusion that an action at law against the irrigation district was one of the two rem-

edies available to respondent; that said remedy was pursued and judgment duly and regularly entered, and not paid, there was but one method available to respondent in order to keep said judgment alive and toll the statutes of limitations, and that was an action to renew the judgment. (*Bashor v. Beloit,* 20 Ida. 592, 119 P. 55; *Atkinson v. Adkins* (Cal.), 268 P. 461.) Statute of limitations runs against warrants issued by an irrigation district both in an action to place the warrants in judgment or in a mandamus proceeding. (*Little v. Emmett Irr. District,* 45 Ida. 485, 263 P. 40.)

Upon the trial to defeat respondent's right to have the judgment of 1932 renewed, appellant offered in evidence the judgment roll in the original action, wherein it appears that judgment was entered May 13, 1926, in favor of the Tingwall Stores Company, the renewal judgment of September 12, 1932, and the judgment roll in a mandamus proceeding brought by the respondent against appellant to compel a levy of taxes sufficient to pay the judgment. Appellant also offered the minutes of the board of directors of the irrigation district, dated August 18, 1936, showing levies in that year to pay the judgment, and the minutes of August 17, 1937, showing the levies made in that year to pay on the judgment. Furthermore, appellant offered to prove that at the time the warrants were acquired by Tingwall Stores Company and at the time action was instituted by said company on the warrants, that A. W. Tingwall (respondent) was president and managing agent of the Tingwall Stores Company; that one Charles Stout was the secretary and attorney for the district; that Stout was employed by, and represented, the Tingwall Stores Company in the action against the district on the warrants, and obtained the 1926 judgment against appellant. Appellant further offered to prove that the warrants issued, and herein involved, were in excess of the revenues of the district in the years in which they were issued. It was stipulated that certain payments were made on the judgment by reason of the levies made in the mandate proceedings.

Th trial court sustained objections to all appellant's offers of proof, except the judgment rolls in the initial action, and the first renewal thereof, upon the ground that they were incompetent, irrelevant and immaterial, and par-

ticularly upon the ground that they constituted a collateral attack upon the judgment.

█ We think the rule is well settled as stated in *Milwaukee County v. White Co.*, 296 U.S. 268, that:

"A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction, * * * or that it has ceased to be obligatory because of payment or other discharge."

█ Furthermore, the established rule is that an attack on a judgment in an action to renew such judgment is regarded as a collateral attack and can avail only when there is want of jurisdiction either of the parties or of the subject-matter. (31 Am. Jur. sec. 389, p. 60, sec. 620, pp. 208-9; *Edward Thompson Co. v. Thomas*, 49 Fed. (2d) 500; *Bank of Eau Claire v. Reed* (Ill.), 83 N.E. 820; *Decker v. Tyree* (Ky.), 264 S.W. 726; *Morrill v. Morrill* (Ore.), 23 A.S.R. 95.)

In *Davis v. Davis* (Kan.), 166 P. 515, it was held that where it appears the court had jurisdiction of the cause and of the parties, and their attorneys of record signed a stipulation which prescribed the judgment that should be rendered, (in the instant case no defense was interposed) if the judgment is voidable, it must be attacked in some direct proceeding instituted for the purpose of having it vacated or set aside. That court has repeatedly held that a judgment cannot be collaterally impeached or attacked by a party bound thereby.

█ Even conceding that the conduct of Stout constituted fraud or collusion resulting in the procurement of the 1926 judgment by the Tingwall Stores Company, the judgment is not subject to collateral attack. A direct attack upon the judgment being the proper remedy. A judgment, although obtained by extrinsic fraud, cannot be collaterally attacked unless such invalidity appears on the face of the judgment. No extrinsic fraud appears on the

face of the judgment herein involved. (*Donovan v. Miller* 12 Ida. 600, 88 P. 82, 9 L.R.A. (N.S.) 524, 10 Ann. Cas. 444; *Moyes v. Moyes*, 60 Ida. 601, 94 P. (2d) 782; *Idaho Gold Dredging Co. v. Boise Payette L. Co.*, 60 Ida. 127, 90 P. (2d) 688; *Zapantis v. Central Idaho M. & M. Co.*, 64 Ida. 498, 136 P. (2d) 156; *Harter v. Shull* (Colo.), 67 P. 911; *Nelson v. Emerson* (Cal.), 6 P. (2d) 281; *Berman v. Thomas* (Ariz.), 19 P. (2d) 685; *Khan v. Khan* (Mont.), 105 P. (2d) 666; *Bruun v. Hanson*, 103 Fed. (2d) 685.) The complaint in the original action might have been subject to a special demurrer, but it apprised the appellant of the claim sued upon and stated a cause of action. The court undoubtedly had jurisdiction of the parties and the subject-matter which, being true, the judgment entered thereon was invulnerable to collateral attack. (*United States Nat. Bank v. Eldredge*, 49 Ida. 363, 288 P. 416; *Ex parte Sargen* (Cal.), 27 P. (2d) 407.)

■ The general rule is that in an action on a judgment no defense is admissible which accrued prior to the rendition of the judgment. (31 Am. Jur. p. 332, sec. 824, p. 339, sec. 836; 34 C.J. p. 1089, sec. 1537; *Miller Rubber Co. v. Peggs* (Ariz.), 132 P. (2d) 439; *Nathan v. Rupcie* (Mich.), 6 N.W. (2d) 484.)

■ The court properly sustained the objections made by respondent to the exhibits and all other matters offered by appellant heretofore referred to, for the reason that appellant theretofore had an opportunity to urge all defenses against the judgment of which he now seeks to avail himself prior to the time of the entry of said judgment. The former being res judicata to all defenses that should or could have been raised. (30 Am. Jur. p. 932, sec. 187; 34 C.J. p. 909, sec. 1322, p. 1089, sec. 1537; *Joyce v. Murphy Land Etc. Co.*, 35 Ida. 549, 208 P. 241; *South Boise Water Co. v. McDonald*, 50 Ida. 409, 296 P. 591; *King v. Richardson*, 54 Ida. 420, 33 P. (2d) 1070; *Bower v. Smith*, 63 Ida. 128, 118 P. (2d) 737; as to default judgments, see notes, 128 A.L.R. 482.)

All pertinent errors assigned and discussed in appellant's brief having been carefully considered, we have reached the conclusion that the judgment should be affirmed, and it is so ordered. Costs to respondent.

Ailshie, C.J., and Givens, Holden and Miller, JJ., concur.